Evers, &c. v. City of Mayfield.

---

Case 9.—PROCEEDING AGAINST J. P. EVERS AND OTHERS IN THE POLICE COURT OF THE CITY OF MAYFIELD FOR A VIOLATION OF A CITY ORDINANCE IMPOSING AN OCCUPATION TAX OF $10 ON THE RESIDENT LAWYERS OF THE CITY.—March 8.

## Evers, &c. v. City of Mayfield.

·Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment fining defendants and they appeal. Affirmed.

Occupation Tax—City Ordinance—Validity—Discrimination—A city ordinance requiring attorneys at law, physicians, surgeons, oculists and opticians practicing their profession in the city to pay an occupation tax of $10 per annum is not unreasonable, and is not invalid because no license is required of such as are temporarily in the city on specific professional business.

J. P. EVERS attorney for appellants.

1. We charge that ordinance in question discriminates and is not authorized by the laws of Kentucky or the Constitution of this State or of the United States. The discrimination being against the resident attorneys of the city and in favor of the non-resident attorneys.

### AUTHORITIES CITED.

Kentucky Constitution, sec. 181; 9 Ky. Law Rep., 861; 36 L. R. A.

Evers, &c. v. City of Mayfield.

(Va.), 432; 1 Dillon on Municipalities, 423; 80 Ga., 586; Kentucky Statutes, secs. 3488-9-90; Dillon Municipality, 322-357; 90 Ky., 444; 84 Ky., 306; 16 L. R. A. (Pa.), 49; 19 Ky. Law Rep., 578; 14 Am. Repts., 139-42-45; 97 Ky., 394; 3 L. R. A., 261; Horr & Bemis, 135 to 139; Kentucky Constitution, sec. 18; 8 Ky. Law Rep., 810; 9 Ky. Law Rep., 86; 19 Ky. Law Rep., 578; 6 B. Mon. (Ky.), 591; 98 Illinois Repts., 195.

W. H. HESTER, attorney for appellee.

1. Our contention is that the city of Mayfield, a city of the fourth class, under sec. 181 of our Constitution has a right to levy license fees upon occupations, trades and professions.

2. The charter of said city authorizes the imposition of such a tax.

3. The court can not say that the ordinance is unreasonable.

4. The city council is the best possible judge of the necessity for the enactment of such a law.

5. The ordinance is binding upon all who come within the corporate limits of the city.

6. The exclusion of non-residents is not a discrimination within the meaning of the Constitution.

## AUTHORITIES CITED.

Present State Constitution, sec. 181; Kentucky Statutes, sec. 3490, sub-sec. 1; Kentucky Statutes, sec. 98; 24 Ky. Law Rep., 617; 19 Ky. Law Rep., 578; 6 B. M., 591 City of Louisville v. Roupe; Horr & Bemis, Mun. Ordinances, sec. 128, and pp. 165-6-7; Horr & Bemis, p. 114; Bennett v. Birmingham, 31 Pa. St. R., 15; St. Charles v. Nolle, 51 Mo., 121; Adger v. Mayor, 2 Spear, 719; Horr & Bemis, Mun. Corp., p. 115; Garden City v. Abott, 34 Kansas, 283; Gass v. Greenville, 4 Sneed, 62; 3d Ed. Dillon Mun. Corp., 324, foot note No. 1; Commonwealth v. Stodder, 2 Cush. (Mass.), 526-568; Herzo v. San Francisco, 33 Cal., 134-145; Napman v. People, 19 Mich., 352; Barling v. West, 29 Wis., 307; Hayes v. Appleton, 24 Wis., 542; Ould v. Richmond, 23 Gratt., 464, 14 Amer. Rep., 139; Staunton v. Stout, 86 Va., 321; 3d Ed. of Dillon, sec. 791; Petersburg v. Cocke, 36 L. R. A., 433 (Va.); 25 Ky. Law Rep., 938; Bean v. City of Middlesborough, 22 Ky. Law Rep., 415; Bennett v. Borough of Birmingham, 15 Pa. St. Rep., 19.

OPINION BY CHIEF JUSTICE HOBSON.—Affirming.

The board of council of the city of Mayfield enacted an ordinance fixing the license tax on certain occupations in the city. Section 24 of the ordinance is in these

words: "For each attorney-at-law, physician, surgeon or physician and surgeon, oculist and optician or oculist or optician practicing their profession in the city of Mayfield, ten dollars; provided, no license shall be required of such as are temporarily in the city on specific professional business, unless they advertise their professional services, or, in addition to the specific business, solicit additional business, in which event their license shall be ten dollars." Appellants, who are attorneys-at-law residing in Mayfield, refused to pay the license tax, and, being arrested, were fined in the Mayfield police court. They appealed to the circuit court, and in that court the following agreement of facts was filed. "The defendants, J. P. Evers, Pete Seay and L. P. Palmer, having been charged by plaintiff's warrant with the offense of 'practicing law in the city of Mayfield without a special license so to do,' and having been found guilty as charged, bring the case to this court upon an appeal for the sole purpose of testing the validity and legality of the ordinance under which they were tried and fined, and this appeal is submitted by the parties under the following agreed state of facts: (1.) That the city of Mayfield, Ky., is a city of the fourth class, and that on the 6th day of August, 1901, it passed an ordinance entitled, 'An ordinance fixing the price of license on certain occupations, businesses, and professions in the city of Mayfield, Ky., and providing for the expenditure of the money arising therefrom.' A printed copy of said ordinance is to be furnished the court upon this trial. (2.) That the yea and nay vote thereon was duly taken and entered at the time upon the journal of the council proceedings, as required by charters of the fourth-class cities of this State. (3.) That said ordinance was duly signed by the city clerk, and signed and approved by the mayor of the city, as pro-

vided by charter of the city. (4.) That said ordinance was published in the Daily Mayfield Messenger, a daily paper circulated in said city, in manner and form as required by the city charter. (5.) These defendants, being licensed attorneys-at-law of the State of Kentucky, and residents of and having their law offices in said city of Mayfield, did continue and engage in the practice of law in said city without first having procured and caused to be issued to them a license as is required by said ordinance, contrary to the provisions of said city ordinance; and that other attorneys have been temporarily in the city on specific professional business." The circuit court held the ordinance valid, and the appeal before us is prosecuted by appellants to test the validity of the ordinance.

It is insisted that the ordinance is invalid because of the proviso that no license shall be required of such persons as are temporarily in the city on specific professional business. It is contended that the ordinance discriminates against the resident professional man in favor of the non-resident; that there are many attorneys and physicians who live out of the city and practice their profession there, and yet are not taxed; and that the ordinance is in conflict with section 3 of the Constitution, forbidding the granting of exclusive privileges except in consideration of public services. The rule is that a city ordinance must be fair, impartial, general and reasonable. If it discriminates unduly against the non-resident and in favor of the resident, it is void. (Simrall v. Covington, 90 Ky. 444, 14 Ky. Law Rep., 896, 14 S. W., 369, 9 L. R. A., 556, 29 Am. St. Rep., 398.) On the other hand, if it discriminates unduly in favor of the non-resident and against the resident, it is equally obnoxious. The powers of the city council are confined to the city of Mayfield. Their power to tax occupations is confined

to occupations "within the city." (Ky. St. 1903, sec. 3490.) If a physician living in Louisville is sent for to perform a surgical operation in Mayfield, and comes there on that business, he should not be required to pay the occupation tax in Mayfield, because that is not the place where he practices his profession. The power given by the statute to tax occupations refers to occupations followed in the city, and not to people who come there under specific employment to attend to a special matter. A tax on vehicles using the streets has been held to refer to a vehicle which uses them continuously, and not to a non-resident driving through the city. (Bennett v. Birmingham, 31 Pa., 15.) The by-laws of a city are intended to govern the people of the city, and it is doubtful if an occupation tax may be imposed on an attorney who does not reside, or keep an office, or ordinarily pursue his avocation within the corporate limits. (McQuillin on Municipal Ordinances, sec. 423.) In Bean v. Middlesborough, 22 Ky. Law Rep., 415, 57 S. W., 478, we held an ordinance valid which taxed hucksters, but did not apply to persons living in the country and selling their own products. In 21 Am. & Eng. Ency. of Law, 811, the rule is thus stated: "As a general rule, the performance of a single act, or even a number of isolated acts, pertaining to a particular business, will not be considered as engaging in or carrying on such business within the meaning of a law imposing a license tax; but it may be so considered where an intent to engage in the business is clearly apparent. So a statute imposing a tax upon persons who engage in a certain business for hire or profit does not warrant the collection of the tax from a person who performs certain acts pertaining to such business for his own benefit, and in connection with his regular business." This rule was approved by this court in Hays v. Com-

monwealth, 107 Ky., 655, 21 Ky. Law Rep., 55 S. W.,
425.   (See, also, Joseph v. Randolph [Ala.], 46 Am.
Rep., 347; Mona County v. Flanigan, 130 Cal., 105, 62
Pac., 293; Davis v. Macon [Ga.], 37 Am. Rep., 60.)
The ordinance is not unreasonable.   The object of the
statute is to tax occupations within the city.   It would
be a great hardship if lawyers were required to pay an
occupation tax in every town to which they might be
called to attend to some specific business for a client.
To illustrate: The sessions of this court are held at
Frankfort, but it would not, perhaps, occur to appel-
lants that they should be required to pay an occupa-
tion tax in Frankfort if they followed one of their
cases appealed to this court, and attended to it here;
or that a city ordinance like that before us would un-
duly discriminate against the resident attorneys be-
cause it exempted them in so doing from its operation.

Some question is made in the brief about a taxed at-
torney's fee, but this matter is not presented by the
record.

Judgment affirmed.