## City of Mayfield v. Carter Hardware Co.

(Decided September 27, 1921.)

### Appeal from Graves Circuit Court.

1. Licenses—Subjects of License Tax—Former Opinion.—Where the validity of a vehicle license tax was established by an opinion upon a former appeal, the submission to the jury of the reasonableness of the license was error.

2. Licenses—Ordinances.—When plainly intended as a police regulation license ordinances will be upheld even where the amount realized from the license tax or fee is out of proportion to the cost of issuing the license. Where the ordinance is clearly within the general power of the municipality it is presumed to be reasonable, and the judicial power of the state will not be exercised to declare it void unless by its inherent character it is shown to be unreasonable.

ROBBINS & ROBBINS for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is the second appeal of this case. It is a prosecution in the name of the city of Mayfield against the Carter Hardware Co., under a city ordinance for failure to take out and pay for a license, as required by the ordinance, to operate its motor truck on the streets of said city. The questioned license ordinance reads in part as follows.

"For each automobile, owned and operated by any person, firm or corporation, residing in the city of Mayfield, Kentucky, for each machine of 25 horse power or under $6.00; for each machine of more than 25 horse power $7.00; for each motorcycle $6.00."

It was the contention of appellee upon the former appeal as well as on this appeal that the ordinance is invalid because unreasonable in the amount of the license fee. In the former opinion we held the ordinance valid as a proper exercise of the police power of the city. City of Mayfield v. Carter Hardware Co., 191 Ky. 364. As the defendant, Carter Hardware Co., had been adjudged not guilty of a violation of the license ordinance on the theory that the ordinance was invalid the judgment was reversed for a new trial.

The ordinance having been held valid there was but one thing to be done on the return of the case to the lower

court, fix the amount of the fine to be imposed for its violation, for it was conceded that the Carter Hardware Co. owned and operated a motor vehicle on the streets of Mayfield at the time charged without first having applied for and obtained a license so to do as required by the ordinance. That the opinion on the first appeal is the law of the case has been too often written to require repetition.

The last trial in the circuit court proceeded *de novo* and evidence as to the reasonableness of the license fee charged was heard and submitted to the jury. This was error, for the validity of the ordinance was fixed by the former opinion of this court.

The whole defense to the prosecution under the ordinance was based upon the unreasonableness of the fee charged for the license, it being argued that the cost of issuing the license and administering the act as well as the ordinance regulating the parking of automobiles and the speed at which they may run in the different sections of the city based upon the density of the population, would not approach the total sum derived from a tax of $6.00 and $7.00 for such machines in that city where the evidence shows there are about 500 such cars.

This tax was levied under the police power of the municipality for the purpose of regulating motor vehicle traffic upon the streets. It is general information that cities have more trouble in regulating motor vehicles and their drivers than any other business or occupation. The road hog and speed maniac are everywhere, menacing the property, limb and life of law-abiding people rightfully upon the highways. It requires careful supervision on the part of the police department to circumvent and apprehend these violators. At the time such a license ordinance is enacted it is utterly impossible to tell the exact cost of administering it and legislative bodies are justified in fixing the fee at a sum great enough to cover the entire costs of the enforcement of such laws, for such expense must necessarily be borne by those who receive the benefits, and if in fixing the fee a slight mistake is made in calculating the cost of administration and the fee fixed too high, this alone will not invalidate the ordinance if the surplus fund after the payment of all reasonable charges is not so great as to manifest a purpose on the part of the legislative body levying the same to make the ordinance a revenue producing measure. The modern trend of judicial opinion in this country is to uphold

license ordinances even though they produce revenue in excess of the amount required for a judicious administration of the act if such excess is small and plainly results from a miscalculation of the amount necessary to be raised or the amount that will result from such license.

It has been held that when plainly intended as a police regulation such ordinance will be upheld even where the amount realized from the license tax or fee is out of proportion to the cost of issuing the license. No unreasonableness will be presumed, and where the ordinance is clearly within the general power of a municipality it is presumed to be reasonable and the judicial power of the state will not be exercised to declare it void, unless by its inherent character or proof it is shown to be unreasonable. Letterfield v. State of Neb., 28 L. R. A. 599.

Courts are not compelled to be exact in determining what is a reasonable license fee. Tiedman's Limitation Police Power, 9 Pick (Mass.) 415, 39 Conn. 140; 60 Pa. 445; 11 Mich. 347; 31 Iowa 102.

A surplus resulting from the tax over cost of administration does not invalidate the law if the amount of the fee is not disproportionate to the amount required for its enforcement. 42 Neb. 223; 28 L. R. A. 588.

As the ordinance on the first appeal was declared a valid exercise of the police power of the city the trial court should not have allowed the parties on the second trial to enter into a reconsideration of the same question but should have confined them to the one remaining issue, the amount of the fine to be assessed against the defendant company.

Judgment reversed for proceedings not inconsistent herewith.