## Young & Jones, et al. v. Town of Campbellsville.

(Decided May 18, 1923.)

### Appeal from Taylor Circuit Court.

Licenses—City May Require License of Non-Residents Doing Auto Truck Business Within the City.—Though a city cannot require non-residents, who merely pass through it in their automobiles, to pay a license fee, it can require a license of non-residents who do an auto truck business within the city, and can enforce the payment of such license by non-residents engaged in hauling

freight and passengers by automobile from a railroad station within the city, where they solicited patronage, to another town, where the persons engaged in that business lived.

BAKER & COFFEY for appellants.

GEORGE W. HANCOCK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

The fifth class city of Campbellsville passed an ordinance placing a license tax on automobiles, drays, motor trucks, and livery motor cars. The ordinance, insofar as relevant here, reads:

"On and after the passage and publication of this ordinance it shall be unlawful for any person or persons, firm or corporation to own and operate on the streets of said city of Campbellsville, any dray or wagon for hire, any passenger motor car, motor truck, motorcycle, livery motor car or other vehicles, without first obtaining from the city clerk a license tag and paying the fees hereinafter specified below."

The license fees levied by the ordinance in part are: On each motor truck of one ton or less capacity, $7.50; on passenger automobiles, 25 horse power or less, $3.00; on each passenger automobile, horse power in excess of 25, $5.00; on each passenger automobile, jitney or other kind of motor vehicles for hire in transporting passengers, for first two cars, a license fee of $10.00 each. Many other license fees are fixed in the same ordinance. A city of the fifth class may, under section 3637-4, Kentucky Statutes, fix and levy license tax and taxes on franchises, trades, occupations and professions.

Appellants Young and Jones, and several other persons owning and operating motor vehicles as common carriers between Columbia and Campbellsville, Kentucky, commenced this action against the city of Campbellsville and its police judge, praying a writ of prohibition restraining the said city from collecting said taxes and restraining the police judge from proceeding against them to assess fines and for all proper relief. All of the plaintiffs below, appellants here, are residents of the city of Columbia, in Adair county, and had and kept their motor vehicles at that place except when on business to Campbellsville. Adair county has no railroad. Its nearest railroad depot is at Campbellsville. Practically

all passengers as well as freight destined for Columbia pass through Campbellsville. The depot is within the city limits of Campbellsville. By a stipulation of the parties it is agreed that appellants, who operated the motor vehicles for carrying passengers and freight to and from the city of Campbellsville, came to the depot and there solicited patronage, loaded up their vehicles and returned to Columbia, stopping at intermediate points. Manifestly, appellants do business in the city limits of Campbellsville. They ply their regular calling at the depot in that city. In fact most of their business originates there. Being engaged in business in the city of Campbellsville they were subject to all ordinances of that municipality applicable to other persons engaged in similar business there. The mere fact that they resided at Columbia did not relieve them from liability for the license taxes imposed upon persons owning and operating motor vehicles in the city of Campbellsville. Of course no mere transient owner of an automobile passing through the town of Campbellsville would be liable for such taxes but appellants who did business there, who carried on their regular occupation daily in Campbellsville were liable for such taxes, and the trial court did not err in so holding. City of Mayfield v. Carter Hardware Company, 191 Ky. 364; City of Mayfield v. Carter Hardware Co., 192 Ky. 381.

Inasmuch as the city did not prosecute a cross appeal from that part of the judgment holding that a resident owner of a pleasure motor car was not required to pay a license fee under the ordinance, this court is relieved of the necessity of discussing this phase of the case.

Judgment affirmed.