## W. T. Sistrunk & Company v. City of Paris.

(Decided December 2, 1924.)

### Appeal from Bourbon Circuit Court.

1. Licenses—Municipality May Exact License Fee from Nonresidents Engaged in Occupation Within City Limits.—A municipality may impose license fee on nonresidents engaged in an occupation within its limits, provided no discrimination is made against them in favor of municipality imposing charge.

2. Licenses—Nonresident of City Held Subject to License Fee for Operation of Trucks, Although Required to Pay License Fee in Another City.—Where truck owner with sole place of business at one city sold and delivered goods to another city, and regularly operated trucks therein, he is subject to license tax on such trucks by latter city, notwithstanding he was required to pay a license tax in first city.

TALBOTT & WHITLEY and VIRGIL CHAPMAN for appellant.

C. A. McMILLAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, Sistrunk & Company, commenced this
action in the Bourbon circuit court against the city of
Paris, asking to be adjudged not liable for the payment
of a license tax levied by ordinance of the city of Paris
on all trucks used and operated upon the streets of that
city, and to obtain an injunction restraining the city and
its officials from requiring Sistrunk & Company to pay a
license tax on trucks used by it in delivering goods sold by
it to its customers in the city of Paris, on the ground
that appellant company had its office and place of busi-
ness in the city of Lexington and operated its business
from that point, paying a license tax there upon its
trucks, and had no place of business in the city of Paris.

The city of Paris, in 1922, passed an ordinance im-
posing a license tax upon certain occupations, privi-
leges, businesses and professions and fixed the amount
thereof. Many subjects were covered. Part of the ordi-
nance fixed a license tax of $15.00 each, upon automobile
trucks of one and one-half (1½) to two and one-half
(2½) tons, and a license tax of $25.00 on trucks
of from three to five tons, and a license tax of $10.00 on
automobile trucks of a capacity less than one and one-
half (1½) tons, per year. All trucks regularly operated
in the city of Paris were required to pay these license
taxes and to be licensed.

Appellant, Sistrunk & Company, has its principal
place of business in the city of Lexington and is engaged
in a wholesale business, selling retail merchants in Lex-
ington, Paris, and other towns. It delivers its goods by
truck to retail merchants. It is averred in the petition
that its trucks make several regular trips each week
to and through the city of Paris, delivering goods to its
customers, and, thus, at times, employs the streets of
the city for use by its trucks in delivering its goods. It
insists, however, that inasmuch as it pays a license tax on
its trucks in the city of Lexington that it is not and
should not be subjected to a similar tax in the city of
Paris; that if the city of Paris can also levy a tax every
other city into which it runs its trucks in a like business
can likewise levy a tax upon its trucks. Manifestly ap-
pellant carries on a business with its trucks in the city
of Paris in making its regular trips. It is not a mere
occasional user of the streets. If it were no license tax

could be collected under the ordinance we are considering.

A general demurrer was sustained to the petition and the company declining to further plead its cause was dismissed and it prosecutes this appeal.

It has often been held that a license tax imposed upon the use of vehicles within corporate limits applies as well to vehicles owned by persons living outside the city limits as to those who live within the city. Kentz v. Mobile, 120 Ala. 623; Mason v. Cumberland, 92 Md. 451; New York v. Hexamer, 59 App. Div. 4; Pegg v. Columbus, 23 L. R. A. (N. S.) 453. In the case of Young and Jones v. Town of Campbellsville, 199 Ky. 285, we held that a city may require a license of a nonresident. In that case, in part, we said:

"All of the plaintiffs below, appellants here, are residents of the city of Columbia, in Adair county, and had and kept their motor vehicles at that place except when on business to Campbellsville. Adair county has no railroad. Its nearest railroad depot is at Campbellsville. Practically all passengers as well as freight destined for Columbia pass through Campbellsville. The depot is within the city limits of Campbellsville. By a stipulation of the parties it is agreed that appellants, who operated the motor vehicles for carrying passengers and freight to and from the city of Campbellsville, came to the depot and there solicited patronage, loaded up their vehicles and returned to Columbia, stopping at intermedate points. Manifestly, appellants do business in the city of Campbellsville. They ply their regular calling at the depot in that city. In fact, most of their business originates there. Being engaged in business in the city of Campbellsville they are subjected to all ordinances of that municipality applicable to other persons engaged in similar business there. The mere fact that they resided at Columbia did not relieve them from liability for the license tax imposed upon persons owning and operating motor vehicles in the city of Campbellsville. Of course, no mere transient owner of an automobile passing through the town of Campbellsville would be liable for such taxes, but appellants, who did business there, who carried on their regular occupation daily in Campbellsville, were liable for such taxes, and the trial court did not err in so holding. City

of Mayfield v. Carter Hardware Co., 191 Ky. 364; City of Mayfield v. Carter Hardware Co., 192 Ky. 381.''

It has never been the practice for municipalities to attempt to require a license from their own citizens as a prerequisite to engaging in an occupation in another city or town, and, conversely, it is well settled that a municipality may impose a license fee upon nonresidents who perform an act or engage in an occupation within its limits, provided no discrimination is made against them in favor of the municipality imposing the charge. 19 R. C. L. 962; Tomlinson v. Indianapolis, 144 Ind. 143, 43 N. E. 9, 36 L. R. A. 413, and note; In Re Vandine, 6 Pick. (Mass.) 187, 17 Am. Dec. 351; State v. Nelson, 66 Minn. 166, 61 A. S. R. 399, 34 L. R. A. 318; Norfolk v. Flynn, 101 Va. 473, 99 A. S. R. 918.

Suppose one living at a point midway between two towns owned a truck which he operated in carrying on his business in each of the towns, could it be contended that he was not liable for a license tax in each of the towns because he did not reside therein but had his place of abode as well as a place of business at an intermediate point? The license tax is intended in part for the maintenance of the streets used by the trucks. A truck owned by a nonresident of the town and constantly used upon the streets has as deleterious effect upon the thoroughfares of the city as one owned and kept in the city. The power given by the statute to tax occupations refers to occupations followed in the city. It does not warrant the collection of an additional tax from people who come there under specific employment to attend to a special matter. A tax on vehicles using the streets has been held to refer to a vehicle which uses them continuously, and not a nonresident driving through the city. Bennett v. Birmingham, 31 Pa. 15; Evers v. City of Mayfield, 120 Ky. 73. Both reason and authority uphold the contention of the city of Paris that the trucks of appellant company are liable to the license tax which is the subject of this litigation the same as other trucks operated upon the streets of Paris.

We are of the opinion that the demurrer was properly sustained to the petition of appellant company, and its cause dismissed.

Judgment affirmed.