## Town of Feming, et al. v. Wright.

(Decided June 15, 1928.)

## Appeal from Letcher Circuit Court.

1. Licenses.—The fact that taxicab driver has paid a license in adjoining city does not preclude city in which he operates from requiring payment of license therein.
2. Licenses.—Reasonableness and validity of ordinance requiring license of taxicab driver is not measured by its effect upon individual assailing it, but by what would be its effect upon the whole class engaged in same occupation.
3. Municipal Corporations.—No unreasonableness will be presumed, and, where ordinance is clearly within general power of municipality, it is presumed to be reasonable and judicial powers of state will not be exercised to declare it void unless by its inherent character or proof it is shown to be unreasonable.
4. Licenses.—Ordinance imposing $12.50 annual license on taxicabs engaged in carrying passengers for hire within city held not unreasonable or excessive.
5. Municipal Corporations.—Municipality has the right to exact a reasonable compensation for the use of its highways.

J. WOODFORD HOWARD, W. P. MAYO, J. L. HAYS and E. C. O'REAR for appellants.

S. L. BLAIR for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The trial court held an ordinance of the city of Fleming to be unreasonable, unjust, and excessive, and the city has appealed. Fleming is a municipality of the sixth class, and it, with the subdivisions of Haymond and Hemphill, has a population of approximately 5,000. Adjoining it is the city of McRoberts, with a population of about 5,000; also the city of Neon, with a population of perhaps 600 or more. The L. & N. R. R. Co. runs trains through these cities, and all of these cities, as well as the countryside, are served by one depot, located in the city of Fleming. The passenger trains make no regular stops in the other cities. The natural result is an immense amount of passenger traffic in and around the city of Fleming, which offers a fertile field for the operation of busses and taxicabs. In 1918, the city of Fleming duly enacted an ordinance, No. 65, imposing an annual license of $12.50 upon each of the taxicabs engaged in carrying passengers for hire in the town of Fleming.

The appellee, Washey Wright, was engaged in that business, and was using two five-passenger Dodge machines. He maintained no schedule, no fixed routes, and was, in the true sense of the word, engaged in the taxicab business, ready to carry passengers any place they wanted to go. He lived in the city of Neon, and had paid a taxi license to that city under an ordinance requiring him to do so, but it appears that the most of his business originated at or near the depot in the city of Fleming where he solicited and received passengers and carried them to such places as they desired to go either within the city of Fleming, the city of Neon, the city of McRoberts, or to points in the countryside.

He began this action and attacked this ordinance as unreasonable, unjust, and excessive, and, as we have said, he was successful. The fact that he has paid a license in an adjoining city does not change the situation.

"Though a city cannot require nonresidents, who merely pass through it in their automobiles, to pay a license fee, it can require a license of nonresidents who do an auto truck" or taxi "business within the city, and can enforce the payment of such license by nonresidents" so engaged. See Young & Jones v. Town of Campbellsville, 199 Ky. 284, 250 S. W. 979; Sistrunk & Co. v. City of Paris, 205 Ky. 835, 266 S. W. 656. The reasonableness and validity of such an ordinance as this is measured not by its effect upon the individual assailing it, but by what would be its effect upon the whole class engaged in the same occupation. City of Irvine v. Bergman, 220 Ky. 804, 295 S. W. 1041.

"No unreasonableness will be presumed and where the ordinance is clearly within the general power of a municipality, it is presumed to be reasonable and the judicial power of the state will not be exercised to declare it void, unless by its inherent character or proof it is shown to be unreasonable." City of Mayfield v. Carter Hdw. Co., 192 Ky. 381, 233 S. W. 789.

This ordinance appears reasonable. The $12.50 license is not excessive, and it is not inherently unjust. The city of Fleming has the right to exact a reasonable compensation for the use of its highway. See Northern Kentucky Transportation Co. v. City of Bellevue, 215 Ky. 514, 285 S. W. 241. The judgment is therefore reversed.