## Jellico Grocery Co. v. City of Whitesburg et al.

May 9, 1941.

J. B. Snyder and D. I. Day for appellant.

J. L. Hays for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The crucial question presented by this record is whether a city of the fifth class may impose a license tax, reasonable in amount and non-discriminatory, upon a wholesaler, who owns no property and maintains no residence or agency within the corporate limits, but, regularly, through traveling salesmen, solicits business from resident retailers, and, after accepting their orders at the home office in another city, to which he pays a similar tax, fulfills the orders by delivering the goods in his own trucks. To enjoin the enforcement of such an ordinance this action was instituted by appellant against the City of Whitesburg and its officials, and from a judgment dismissing the petition, it has prosecuted this appeal.

The facts are stipulated, and those material to the controversy and not set forth above may be summarized as follows:

(a) The ordinance attacked was duly enacted by the city authorities and imposes an annual license tax of $75 upon all wholesale houses or stores within the city, and an identical tax upon wholesale houses "outside the corporate limits of the City of Whitesburg and selling and delivering inside the City with truck or other conveyance."

(b) The appellant is a corporation engaged in the wholesale grocery business with its office and warehouses located in Harlan, Kentucky; and has no warehouse, storehouse, or other property in the City of Whitesburg.

(c) All deliveries in Whitesburg were made in trucks owned by the appellant, but no merchandise was delivered except in fulfillment of orders previously taken by salesmen or received through the mail.

(d) The ordinance also imposed a graduated license tax, with a minimum of $25 upon trucks "engaged in commerce for hire" and "the plaintiff agreed to pay a privilege tax or license for operating a truck as provided in said ordinance and the city authorities refused

to accept a truck license fee as provided in said ordinance and demanded of plaintiff that it pay the sum of $75.00 as in case of a wholesale house operating outside of city as provided by said ordinance."

By the provisions of Section 3637-4, Kentucky Statutes, enacted pursuant to the authority conferred by Sections 181, 181a of the Constitution, cities of the fifth class are expressly authorized "To impose and collect license fees and taxes * * * on all franchises, trades, occupations and professions"; and appellant does not question the validity of the ordinance in so far as it applies to wholesalers whose places of business are located within the city. It contends, however, that since it is required to pay a license tax to the city of its domicile, owns no property, and maintains no agency in Whitesburg, and does business in that city only in the manner outlined in the stipulation, that city is without power to exact from it any tax other than a license tax upon its trucks in which it makes deliveries to the residents thereof. It also contends that the amount of the tax renders it confiscatory, but since the record does not show the profits which it derives from the business which it transacts in Whitesburg and the stipulation is silent on the subject, we shall dismiss this contention from consideration.

The statute quoted contains no limitations, territorial or otherwise, upon the power of the city to exact occupational license taxes; and the limitations which the courts have imposed are that they must not be discriminatory, that they must be based upon reasonable classifications, and that they must not be confiscatory. But we find nothing in the Constitution or the Statutes which would authorize us to establish additional limitations. It appears in the record that the city of Harlan exacts a similar tax from wholesalers doing business out of Whitesburg, from which it would appear that taxes of this nature are, in a measure, retaliatory. However, if a remedy is desirable, it must be sought in the Legislature and not in the courts.

Appellant argues that since its operations in Whitesburg do not differ from those conducted therein by other wholesalers located elsewhere, except that appellant delivers the previously ordered goods in its own trucks, "the whole transaction narrows down to a

transportation proposition or trucking"; and that since the trucks do not make regularly scheduled trips, appellant, under the doctrine exempting isolated transactions, has, perhaps, done more than it could legally be required to do in offering to pay the truck license, citing Karnes v. City of Benton et al., 258 Ky. 425, 80 S. W. (2d) 558, and Evers et al. v. City of Mayfield, 120 Ky. 73, 85 S. W. 697, 27 Ky. Law Rep. 481. If the City was attempting to compel appellant to pay only a truck license, it could doubtless do so under the principles announced in W. T. Sistrunk & Co. v. City of Paris, 205 Ky. 835, 266 S. W. 656, and Kroger Grocery, etc., Co. v. City of Lancaster, 276 Ky. 585, 124 S. W. (2d) 745. But no such question is here involved. On the contrary, the license fee required of wholesalers located both in and out of the City includes the right to operate trucks in making deliveries, a fact which emphasizes the nondiscriminatory character of the ordinance and differentiates it from an attempt to require an occupational license tax from a non-resident wholesaler who merely solicits orders but does not operate trucks in the City.

We have been referred to no authority holding that the acts performed by appellant in Whitesburg do not constitute "doing business" to an extent sufficient to authorize the imposition of an occupational license tax; and since it is not shown that the tax is prohibitive or unreasonable, the authorities cited by appellant are not in point. More applicable, and supporting the correctness of the Chancellor's decree, are the principles discussed in Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967, and W. T. Sistrunk & Co. v. City of Paris, supra.

Judgment affirmed.

Whole Court sitting.