## Rogers v. City of Louisville et al.

Dec. 17, 1943.

W. A. Armstrong for appellant.

Lawrence Poston and H. O. Williams for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This action was filed by appellant, G. S. Rogers, under Sec. 639a—1 et seq., of the Civil Code of Practice, to have the court determine whether or not ordinance No. 201 enacted by the Common Council of the City of Louisville in 1935, imposing a license tax upon the owners or operators of motor trucks upon the streets of the city, applies to certain trucks owned and operated by him. Also, an injunction was sought to prevent the city from enforcing the ordinance against appellant. A general demurrer was sustained to the petition as amended, appellant declined to plead further, his petition was dismissed and he appeals.

The petition avers that appellant is engaged in the trucking business with his office located at Shively. That most of his business is hauling sand and gravel between Fort Knox and West Point, Kentucky, and practically at all times his trucks are garaged at the latter place and are seldom operated in the City of Louisville, and then only occasionally and incidental to passing through the city. Had appellant ended his petition there, he would have stated a cause of action since

we have written that a non-resident of a city who merely passes through it occasionally with a motor vehicle and uses the streets in isolated instances cannot be made to pay a license tax for operating the vehicle on the city streets. Com. v. Kelley, 229 Ky. 722, 17 S. W. (2d) 1017; Young & Jones v. Town of Campbellsville, 199 Ky. 284, 250 S. W. 979; Sistrunk & Co. v. City of Paris, 205 Ky. 835, 266 S. W. 656; Town of Fleming v. Wright, 225 Ky. 129, 7 S. W. (2d) 832.

But the petition as amended further averred that appellant was temporarily engaged in hauling sand and gravel from the Ohio River through and beyond Louisville to various defense plants outside of the city; "that said work is strictly of a temporary nature and will be completed by March 1st, 1943, or sooner, at which time his trucks will again be returned to Shively or West Point, Kentucky." The petition was filed on December 8, 1942, and the amendment was filed on February 19, 1943. Therefore, the pleadings show that appellant intended to use the streets of the city practically three months. Louisville is located on the Ohio River and construing the pleading most strongly against the pleader, it avers that appellant's trucks were hauling sand from a point in Louisville to defense plants outside of the city. When appellant pleaded that his operation of the trucks over the streets of the city was temporary, he only averred that the operation was not to be permanent, as Funk & Wagnalls New Standard Dictionary defines temporary as "not permanent."

In Hertz Drivurself Stations, Inc., v. City of Louisville, 294 Ky. 568, 172 S. W. (2d) 207, this very ordinance was held to have been enacted under the police power to regulate traffic on the streets of the city. The petition as amended did not aver that appellant's trucks casually or on isolated occasions used the streets of Louisville. Had it done so, his pleading would have withstood the demurrer. But his petition states this hauling will continue from December 8, 1942, to about March 1, 1943. One cannot bring his trucks to a city and haul over its streets for three months and escape a regulatory license tax on the ground that he is a non-resident and his vehicles are only using the streets on isolated or casual occasions, such as passing through the city going from one place to another. Appellant's pleadings aver he is engaged in the business of operating his trucks over the streets of Louisville and that he is not a mere transient;

therefore they did not state facts showing that his trucks are not subject to the tax provided in this ordinance. Young & Jones v. Town of Campbellsville, 199 Ky. 284, 250 S. W. 979; Johnson v. City of Paducah, 285 Ky. 294, 147 S. W. (2d) 721.

The judgment is affirmed.