**H. H. LEET FURNITURE COMPANY, Inc., et al., Appellants,**

v.

**The CITY OF RICHMOND, Kentucky, a Municipal Corporation of the Third Class, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 19, 1962.

As Modified on Denial of Rehearing

June 8, 1962.

———◆———

Paul E. Tierney, Samuel H. Cole, Christopher C. Frishe, Kentucky Division of Unemployment Insurance, Frankfort, for appellant.

Maurice H. Harris, Lexington, for appellee.

Eblen, Howard & Milner, Lexington, for appellants.

H. D. Parrish, Richmond, for appellees.

MOREMEN, Judge.

The four appellants are engaged in operations of separate retail furniture stores in Lexington. Appellee, City of Richmond, a city of the third class, has an ordinance which provides in part:

## "AN ORDINANCE

"AN ORDINANCE OF THE CITY OF RICHMOND, KENTUCKY IMPOSING CERTAIN PRESCRIBED LICENSE FEES OR TAXES FOR EXERCISING CERTAIN PRIVILEGES AND ENGAGING IN CERTAIN OCCUPATIONS, TRADES AND PROFESSIONS IN SAID CITY; REQUIRING SUCH FEES TO BE PAID FOR AND DURING EACH LICENSE YEAR FROM MAY FIRST TO THE NEXT SUCCEEDING APRIL THIRTIETH; STATING THE PURPOSE FOR WHICH SAID LICENSES ARE IMPOSED; AND IMPOSING PENALTIES FOR VIOLATIONS OF THE PROVISIONS OF THIS ORDINANCE

"BE IT ORDAINED BY THE COMMON COUNCIL OF THE CITY OF RICHMOND, KENTUCKY:

"That annual license fees or taxes to be paid to the City of Richmond, Kentucky, be and they are hereby imposed upon and required of all persons, firms and corporations who shall exercise the privileges or engage in the businesses, trades, occupations and professions hereinafter designated, in said city, for and during each license year from May first each year to April thirtieth in the next succeeding year, and which are as follows, to wit: * * *

## "SECTION T

"13–Trucks, each person operating within the city a truck or other motor vehicle of two ton capacity or less and making deliveries therefrom, who does not hold proper and necessary license to operate as a common carrier or contract carrier, each truck, per day $5.00, per year ........ $50.00."

When residents of Richmond purchase furniture from appellants in Lexington, the stores deliver to the customers, by their own trucks, the goods purchased. Some of the stores make delivery to about twelve customers per year, but in no case does it appear that there are more than twenty-five deliveries per year by any store. None of the appellants owns a store in Richmond or solicits business through a salesman, or advertisement in a Richmond paper or through radio. The city demanded that appellants shall pay the license tax provided for under the above ordinance.

Appellants filed suit in the Madison Circuit Court and requested that said ordinance be adjudged inapplicable as to them; that the city be enjoined from requiring them to pay the license tax; and that certain money paid under protest be recovered.

The circuit court held that the ordinance of the city applied to the activity of each

of the appellants, was valid and constitutional, and denied all relief. Hence this appeal.

Appellants contend (1) that it was not the intention of the ordinance to impose a license tax on casual and isolated deliveries on sales not made in the city; and (2) that the appellants are not doing business in Richmond so as to be subject to a license tax.

The source of a city's power to license is in Section 181 of our Constitution and in KRS 92.281—neither of which is detailed.

Section 181 of the Constitution—so far as it appertains here—reads:

"The General Assembly * * * may, by general laws, delegate the power to counties, towns, cities, and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions."

KRS 92.281 treats Section 181 as if it gave municipalities specific power to impose license fees (subject only to limitation by the general assembly—instead of the converse) and reads:

"Cities of all classes are authorized to levy and collect any and all taxes provided for in Section 181 of the Constitution of the Commonwealth of Kentucky, and to use the revenue therefrom for such purposes as may be provided by the legislative body of the city."

While Section KRS 92.281 does not specifically delegate to cities the right to levy and collect license fees, Section 181 of the Constitution does state that the general assembly may delegate to cities the right to levy license taxes on franchises, trades, occupations and professions. This court has long treated this matter as if the general assembly had specifically done so, even though the constitutional section merely gave to the legislature the right to delegate the power if it so desired.

■ Generally speaking, commerce moving into or leaving a city may be subjected to the licensing requirements of a municipality irrespective of whether the actor or owner is a resident or nonresident, but there must be reasonable classification, a lack of distinction as to the application of the licensing tax, and it must not be confiscatory. Jellico Grocery Co. v. City of Whitesburg, 286 Ky. 470, 151 S.W.2d 35. Specifically, in that case it was held that a city ordinance which imposed an annual license tax upon all wholesale houses selling and delivering within the city by truck or other conveyance properly included a wholesaler in another city who regularly, through traveling salesmen, solicited business from resident retailers and delivered the goods in his own truck. However, that factual situation is not the same as here.

■ We have held, on a number of occasions, that a municipality may impose a non-discriminatory license on non-residents who constantly use the city's streets to deliver goods to their customers. W. T. Sistrunk & Co. v. City of Paris, 205 Ky. 835, 266 S.W. 656; and Kroger Grocery & Baking Co. v. City of Lancaster, 276 Ky. 585, 124 S.W.2d 745. In Young and Jones v. Town of Campbellsville, 199 Ky. 284, 250 S.W. 979, it was written: "Of course, no mere transient owner of an automobile passing through the town of Campbellsville would be liable for such taxes, but appellants, who did business there, who carried on their regular occupation daily in Campbellsville, were liable for such taxes." The motif of cases which fall into this category seems to be regularity of operation or use. They are of little value in the solution of the case at bar.

It was pointed out in City of Mayfield v. Reed, 278 Ky. 5, 127 S.W.2d 847:

"But in all of these cases there was a continued activity in the particular trade or calling within the city and the person attempted to be charged with the tax was actually holding himself out

as engaged in such business or calling in the city and soliciting and accepting business therein."

We believe the conclusion of the court in the foregoing case, which had facts analogous to the ones we have here, is a suitable precedent for us to follow. There the ordinance was similar in wording to the one under consideration and the facts were: The Merit Clothing Company, a clothing manufacturer in the City of Mayfield, for some years had its books audited semiannually. The company engaged a firm of auditors whose place of business was in St. Louis, Missouri, to make an audit of a six-month period. Auditors were sent to Mayfield where they were engaged for a number of days in the work for which they were hired. The principal question on appeal was whether they were engaged in an occupation or profession in the city within the meaning of the ordinance. The court held that such an isolated transaction under specific employment was not carrying on or conducting business or calling within the scope and meaning of the ordinance.

In Karnes v. City of Benton, 258 Ky. 425, 80 S.W.2d 558, the question was raised as to whether a farmer who resided on a farm outside the corporate limits of Benton and who butchered hogs and sold meat occasionally in the city was subject to the terms of an ordinance which fixed a license tax for businesses, trades, occupations or professions, and defined a butcher shop or meat dealer as a business or individual which sold meats in smaller pieces than a quarter of a carcass. Karnes sold such smaller quantities. The court cited with approval the following language:

"As a general rule, the performance of a single act, or even a number of isolated acts, pertaining to a particular business, will not be considered as engaging in or carrying on such business within the meaning of a law imposing a license tax; but it may be so con-

sidered where an intent to engage in the business is clearly apparent"

and held that it was the evident object of the ordinance to tax only those who actually engaged in or carried on trades, occupations or professions in the city. Under the facts shown, it was held that Karnes was not engaged in any of those activities.

In Evers v. City of Mayfield, 120 Ky. 73, 85 S.W. 697, it was stated that the power given by the statute to tax occupations refers to occupations followed in the city and not to people who come there under specific employment to attend to special matters.

■ We have concluded that the appellant furniture dealers who at no time had attempted to solicit or obtain business as a regular matter in the City of Richmond were not engaged in an occupation, trade or profession in that city within the scope and meaning of the ordinance. Due to the bulky nature of the products sold by the furniture stores, delivery by the vendor is necessary and is in accordance with the custom of the business. This convenience which is an incidental detail in the final consummation of the sale is but a small fraction of the entire business which the appellants conduct in the City of Lexington. The fact that there is no regularity or continued pattern of use convinces us—particularly in view of the fact that the statute does not specifically attempt to cover such situations—that appellants could only be included under the act by implication and that a proper construction of the ordinance requires that it should not be extended to appellants.

The basic reasons that prevent the city from exacting license fees of the appellants under KRS 92.281 apply with equal force against the use of KRS 186.270 to achieve the same result.

The judgment is therefore reversed.