### BATES *vs*. MAYOR, ALDERMEN, &c., OF MOBILE.

[FINE FOR FAILURE TO OBTAIN CITY LICENSE TO DO BUSINESS.]

1. *City license tax of Mobile, who liable to pay.*—A party who carries on business in the lower bay of Mobile, some thirty miles below the city, and outside of the corporate limits of the city, but whose residence is in the city, and who keeps the capital employed in his business there, is not liable to pay a city license tax.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

APPELLANT was tried before the mayor of the city of Mobile for carrying on business without license, and was fined twenty-five dollars. On appeal to the circuit court, the judgment of the mayor was affirmed, and hence this appeal.

The case was tried in the circuit court upon an agreed statement of facts, as follows: "The appellant is a stevedore, and was engaged in the business of storing cotton in the lower bay, about thirty miles from the city of Mobile, and outside of the corporate limits thereof, and had no office or place of business within the corporate limits of said city. Appellant resides in the city of Mobile, and keeps there the capital employed in his said business. Appellant's business is principally confined to the winter and

Bates v. Aldermen, &c., of Mobile.

spring months, during the movement of the cotton crop. Occasionally, when in the city, appellant makes contracts with masters of vessels to load their ships lying in the lower bay as aforesaid, outside of the corporate limits of said city. The performance of said contracts, and all the work and labor necessary and incident thereto, is carried on outside of the corporate limits of said city, and all the tools and implements of appellant's said trade are kept and used where said trade is conducted, to-wit: outside of the corporate limits of said city." There was also an agreement of the parties as to the judgment, which need not be further noticed.

BOYLES & OVERALL, for appellants.—The license is required for persons carrying on a business, pursuit, trade or profession *in* the city. It is the business prosecuted and conducted within the city that is taxed; a business, in order to carry on which, the streets are used, the protection of police and corporate authorities are required, and which has the advantage of an aggregate population.

A license is not required for the privilege of a bodily existence in the corporate limits, or because a resident keeps his money or capital in a bank or at home within said limits, or because he occasionally meets a person and makes a contract to do something elsewhere. It is for following an avocation, by the pursuit of which he supports himself and family, or in which he is engaged as a business pursuit, trade or profession.

Section 388, Code of Ordinances, shows by its whole context that it never was intended to include the stevedores. It contemplates that the license shall have a business "local habitation and a name" within its corporate limits.

It speaks of the *place* of business of the license, the changing of the place of business and the name, and the taking in of a partner.

The agreed state of facts show that this class of persons have no place of business in, or do they perform and carry on their trade within, the corporate limits.

It seems clear that they (stevedores) are not included in

the letter or the spirit of the ordinances on this subject, or the charter.—City Charter, § 56.

RAPHAEL SEMMES, *contra.*—[Appellee's brief did not come into Reporter's hands.]

PECK, C. J.—The authority of the city of Mobile to assess a license tax is contained in section 56 of the city charter.  By that section it is enacted, " that the authorities of the city of Mobile shall have authority to assess and collect from all persons and corporations, trading or carrying on any business, trade or profession, by agent or otherwise, within the limits of the city, a license tax," &c.

The city ordinance on this subject conforms, substantially,  to the charter, and declares, " all persons trading or carrying on any business, pursuit, trade or profession in the city, shall obtain a license for the same, in the manner hereinafter prescribed," &c.

To subject a party to this license tax, his business, trade or profession must be carried on " *within the limits of the city.*"  These are the words of the charter.

It makes no matter where such party in fact resides, whether within or without the city limits.  It is the place where his business is carried on that determines his liability to this tax.  If that is within the limits of the city, his liability is fixed.

If a party has his residence in the country, yet, if his business, &c., is carried on within the city, whether by himself or his agent, he must pay this license tax.  This, it seems to us, is very clear, and we think it equally clear, that the converse of this is true; therefore, if he lives in the city, and carries on his business some where else, *outside of the city limits,* he is under no obligation to obtain a license for that purpose from the city authorities.

The facts agreed state, that the appellant's business was storing cotton in the lower bay, about thirty miles from the city, and outside of the corporate limits; and that he had no office or place of business within the city.  This being

true, he was certainly not liable to pay a city license tax. The fact that his residence was in the city, and that the capital employed in his business was kept there, does not alter the case.

Let the judgment of the circuit court be reversed, and the cause remanded to that court, that the agreement of the parties may be carried into effect. The appellee will pay the costs.