CASE 64—PROHIBITION—JANUARY 31.

# Figg v. Thompson, Judge, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—LICENSE TO CON-
TRACTORS.—A municipal ordinance requiring every person, firm
or corporation engaged in the business of contracting for public,
municipal, railroad or bridge work to pay à license fee of $100
for the privilege of carrying on such business is unconstitu-
tional and invalid.

LANE & BURNETT FOR APPELLANT.

C. A. WILSON AND H. L. STONE, FOR THE APPELLEES.

(No briefs in the record.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is alleged in the petition in this action that by sec-
tion 35 of an alleged ordinance of the city of Louisville,
approved April 1, 1896, entitled "An ordinance providing
for certain licenses for the sinking fund of the city of
Louisville," it is, among other things, ordained that every
person, firm or corporation engaged in the business of con-
tracting for public, municipal, railroad, or bridge work
shall pay a license fee of $100 per annum; and by section
41 of the alleged ordinance it is ordained that "all licenses
shall be paid for in advance in lawful money of the United
States, and it shall be unlawful for any firm, person or
corporation to carry on the business, occupation, or profes-
sion, or to use or exhibit any articles therein mentioned,
in the city of Louisville, without first having paid the license
herein required for the same;" and by section 44 of said
ordinance it is ordained that "any person, firm, or corpora-
tion violating any of the provisions of this ordinance, where
a different fine has not been provided for, shall be fined not

less than five nor more than one hundred dollars for each offense; . . ." and by section 1 of said ordinance it is ordained that said license fee shall be paid to the sinking fund commissioners of the city of Louisville for the purpose of the sinking fund of the city of Louisville. And the plaintiff says that by the alleged ordinance no penalty or fine is prescribed other than is provided in section 44, as herein set out, that plaintiff is engaged in the business of improving by original construction the carriage way of public streets and alleys, and of improving by original construction and reconstruction the public sidewalks of and in the city of Louisville. It is further alleged that when the Board of Public Works orders any work to be done which is authorized by order of said board, or according to law is to be performed by independent contract, said board prepares and places in the office of said department a complete drawing and specification of said work Thereupon said board causes a notice to be published in a newspaper published in said city once a week for two weeks, informing the public of the general nature of the work, calling for sealed proposals for said work by a day not earlier than ten days after the first of said publication. ". . . Said board shall, if a satisfactory bid be received, let said contract to the lowest bidder." It is further alleged that improvements as applied to public ways, shall mean all work and material used upon them in the construction and reconstruction thereof, and that the cost of the improvement of the carriage ways in the construction and reconstruction thereof shall be apportioned against and paid for by the owners of the lots in the tax limits thereof as defined in said acts, and the improving of sidewalks and improving the curbing thereof by original construction and reconstruction shall be ap-

portioned against and paid for by the owners of the
ground fronting the improvements according to the num-
ber of front feet of their lots fronting the improvements
respectively.    It is further alleged that the ordinance
aforesaid is void, because it is in violation of the provis-
ions of an act approved July 1, 1893, in this: That said
ordinance limits the right to contract in the city of Louis-
ville for the improvement or original construction of the
carriage ways of the streets, and lots in the city of Louis-
ville, and for improvement by original construction or
reconstruction of the public sidewalks in the city of Louis-
ville to such persons only as may pay to the city of Louis-
ville a bonus for such privilege in the shape of $100 per
annum as a license so to do.    It is further alleged that the
ordinance is unconstitutional and void, because it limits
the right to submit to the city of Louisville proposals to
make such improvements, and limits such proposals to
such persons only as pay said city of Louisville $100 per
annum for the privilege of so doing.    It is further averred
that there is in law no such organization as the sinking
fund commissioners of the city of Louisville, and that,
therefore, the ordinance requiring such tax to be paid to
such corporation is null and void.    The petition further
sets out the fact that the plaintiff was prosecuted in the
city court of Louisville, charged with the offense of having
violated the ordinance complained of, and fined therefor;
and under the provisions of section 163 of the act approved
July 1, 1893, for the government of cities of the first class,
this plaintiff brought this suit in the Jefferson Circuit
Court, Law and Equity Division, and prayed for a writ of
prohibition restraining the police judge, R. H. Thompson,
*et al.*, from further prosecuting said case against plaintiff.

A demurrer was sustained to plaintiff's petition, and

judgment rendered dismissing the same, and denying the writ of prohibition, and from that judgment this appeal is prosecuted.

It is earnestly insisted for appellant that there is in law no such corporation or organization as the Commissioners of the Sinking Fund of the City of Louisville. That the expression of the act of July, 1893, which says that "The board of sinking fund commissioners is hereby continued under the existing law," is void, and of no effect, and is in violation of sections, 51-59 and 167 of the Constitution. But, inasmuch as said Sinking Fund Commissioners are not parties to this suit, nor does it appear that they are seeking to enforce the collection of the tax, nor the fine imposed by the police court, we deem it unnecessary to enter into a discussion as to the fact whether there are any legal Commissioners of the Sinking Fund of the City of Louisville.

From the allegations made in the petition it seems clear to us that the imposition of the license tends to increase the expenses incident to the improvement of sidewalks, streets, etc., and would be imposing additional burdens upon property owners fronting on such improvements. It is also manifest that the imposition of such license is inconsistent with the general law and ordinance providing that such improvements or work should be let to the lowest responsible or reliable bidder, and for that reason must be held to be illegal and invalid. It is manifestly just and right that all improvements made, the cost of which is to be taxed against the property owners, should be made at the least possible cost; and it is equally manifest that such ordinance as the one in question tends to lessen the number of persons who would be inclined to file bids or propositions for doing work, and tends to create a monopoly in the business of public works. It is also

reasonable that the amount paid for license would increase the cost of the improvements, and thus the property holder would be made to pay not only for what it cost to make the improvements, but also to pay his part of the license fee required of the contractor, which would be manifestly unjust and illegal. It must be conceded that to pay for the improvements is sufficiently onerous upon the property holder, without also having added thereto a special license to the city as a privilege to the contractor to do the work and charge therefor. It is evidently contrary to natural justice that a city should order improvements to be made at the cost of the abutting property owners, and then add thereto a license fee to the contractor for the benefit of the city at large, which license fee the contractor according to the well-known rules of business, will estimate in the sum for which he undertakes to do the work.

That such license fee as that under consideration tends to lessen the number of bidders, and consequently increase the cost of such improvements, is not open to serious question, and it seems to us unreasonable that the city should order improvements to be made, and then impose a license tax upon the party who undertakes to do the work. Hence it follows that any ordinance or act of the Legislature authorizing or imposing any such license fee is unconstitutional and invalid. The prohibition asked for should have been granted.

For the reasons stated, the judgment appealed from is reversed, and the cause remanded, with directions to award the writ of prohibition, and for proceedings consistent herewith.