# Johnson v. City of Paducah et al.

Jan. 31, 1941.

Boyd & Boyd for appellant.
Adrian H. Terrell for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

An ordinance of the city of Paducah, a city of the second class, imposes a license tax of $5 on all persons operating automobiles within the city limits and by the terms of the ordinance the tax is applicable to all persons "residing outside of the corporate limits and owning and operating, or causing to be operated any automobile or motor vehicle upon and over the streets thereof in connection with a business conducted or regular profession followed within the city limits, or as a means of conveyance to and from a position, job or labor for which remuneration is received from such business or profession in said city." All license fees collected under the ordinance are required to be paid into the general fund to be used for the purpose of paying the expenses of maintaining the city government.

Appellant is a nonresident of the city, having regular employment at a factory within the city, where he works five days a week, and uses his automobile in going to and returning from work approximately four days each week. In so doing he travels on the city streets approximately six miles a day and while at work his automobile is parked near the factory where he is employed. He filed this action against the city and its Police Judge, City Manager and Chief of Police, asserting the invalidity of the ordinance, and sought to enjoin these officials from prosecuting him for its violation by reason of his refusal to pay the tax. On final trial the ordinance was upheld and his petition dismissed. This appeal follows.

It is contended by appellant that the tax provided by the ordinance in question is not a tax imposed by virtue of the police power but is a property tax imposed on property not having a taxable situs established within the city limits. It is urged that the tax is imposed for revenue purposes only, and not pursuant to the police power, because the tax when paid in goes into the general fund of the city. This contention was answered adversely in Daily v. City of Owensboro, 257 Ky. 281, 77 S. W. (2d) 939 and in City of Newport v. French Bros. Bauer Company, 169 Ky. 174, 183 S. W. 532, 537, wherein the Court said:

"It is insisted that, because the ordinance provides that the license fees shall be for the payment of the

expenses of the city government in the repair of the streets, that it is necessarily a revenue tax. We do not concur in this contention, because the expenses of classifying, licensing, tagging, and supervising the vehicles and their drivers must be borne by the city out of its funds for governmental purposes, and it is immaterial what it does with the fund arising from the licensing of vehicles, after it shall have been received by the city.''

It is further argued that the amount of license tax in controversy establishes that it is a pure revenue tax because it is clearly in excess of the expense of classifying, licensing, tagging and supervising vehicles and their drivers. In Daily v. City of Owensboro, supra, we held to the contrary under the evidence in that case and said that this was a question of fact to be determined from the evidence. It was there held also that the burden of proof on this question was on the plaintiff. Here no proof was introduced on the question and we must therefore assume that the $5 tax is no more than policing cost, especially since it was so held in the Daily case, under the proof therein, where an ordinance of a second-class city was involved.

We conclude that in determining the validity of the ordinance the tax may be considered as one imposed by virtue of the police power and that it is not a tax on appellant's automobile which had no taxing situs within the city limits but merely a tax imposed for the privilege of using the city streets.

Nor does it appear to us that the classification for taxing purposes established by the ordinance is an unreasonable one having no relation to the purpose of the act or that it is discriminatory or lacking in uniformity. If any proper reasonable basis can be perceived to justifying the classification it should be upheld. Markendorf v. Friedman, 280 Ky. 484, 133 S. W. (2d) 516, 127 A. L. R. 416.

We have no difficulty in proving a reasonable and proper basis for the classification. A license tax may be imposed on trucks of a nonresident of a city regularly operating trucks in that city although his sole place of business is in another city. Sistrunk & Co. v. City of Paris, 205 Ky. 835, 266 S. W. 656. The basis of the decision was that the nonresident was not merely an occa-

sional user of the streets but was manifestly carrying on a business in the city by virtue of his making regular trips with his trucks within the city. And taxicab operators residing outside the city limits but engaged in carrying passengers to a point within the ctiy may be required to pay a license tax. Com. v. Kelley, 229 Ky. 722, 17 S. W. (2d) 1017. We see little practical difference between that class of nonresidents who actually use their automobiles as a means of transacting business in the city and the class which regularly drives to and from work or employment in the city.

In any event, there is a reasonable basis for setting apart as a class, to be included with residents of the city for the purpose of this tax, the particular class of nonresidents affected by the ordinance. At first blush it might be thought that this class of nonresidents, to which appellant belongs, occupies no different status from that class of nonresidents who regularly use the streets in driving to and from work to a point beyond the city limits, a class not taxed by the ordinance, but closer scrutiny reveals that this is not the case. The class of nonresidents taxed by the ordinance park their cars within the city limits and receive the benefits of police protection while so parked, a protection and a benefit not afforded to other classes of nonresidents. Further, there is little doubt that many nonresidents of the city driving to work in their automobiles to points within the city use the city streets for parking purposes thereby serving to aggravate the tremendously complicated traffic conditions with which all cities are now confronted. A lack of adequate parking space for the automobiles is already a serious problem confronting nearly every municipality. The considerations mentioned furnish a reasonable basis for the classification made by the ordinance and are sufficient to uphold it.

Judgment affirmed.