## Watson v. City Of Paducah.

January 24, 1950.

Rehearing denied May 26, 1950.

Holland G. Bryan, Judge.

L. B. Alexander for appellant.

Adrian H. Terrell for appellee.

MORRIS, COMMISSIONER—Affirming.

An ordinance of the City adopted in 1940 required residents of the City to pay a tax of $5.00 for using or operating a motor vehicle upon and over the City's streets. The last clause of Section 1 provides:

"Such license shall also be required of all persons * * * residing outside of the city limits and owning and operating or causing to be operated any automobile or motor vehicle upon and over the streets thereof in connection with a business conducted, or regular occupation followed within the city limits, or as a means of conveyance to and from a position, job or labor for which remuneration is received from such business or occupation in said city."

The proceeds from the collection of these fees are placed in the City's general fund "to be used for paying the expenses of maintaining the City government." A penalty is fixed for a violation of the ordinance.

Appellant lives outside the City limits and is regularly employed in the shops of the I. C. Railroad Company, which are located within the City limits. He owns and drives a car to and from his place of employment. In making these trips he drives on Bridge, Broad and State Streets and Kentucky Avenue, on which latter is located the company's parking lot. He does not drive over any of the other City streets in reaching his place of employment and regularly parks his vehicle in the company's lot. The railroad company also employs a private guard to look after the cars of its employees.

The above facts are alleged by appellant in a petition asking the Court to declare that under the facts stated, the provisions of the ordinance above quoted do not apply to him. In support of his contention he pleads that under an agreement between the City and the Ken-

tucky Highway Department, the latter has taken over the four above named streets for the purpose of their maintenance and upkeep, hence the City is "not at any expense in maintaining said streets." Further, that the City had granted to the State Police Department the authority to patrol the streets and that the City is "not put to any expense by reason of the operation of his automobile on said streets."

The City in answer admitted each and every fact alleged by plaintiff, but denied all conclusions pleaded. It admitted the agreement between the City and State Highway and Police Department. It alleged that it was specifically provided in the contract with the former that the Department was obligated to construct, maintain and repair the designated streets, but that the City should not be relieved of its duty to light, sweep, sprinkle, keep clean and police the streets, and to keep them clear of ice and snow. These things the City said it had done and was doing.

As to the arrangement with the Police Commissioner, it was said that the officers of that Department only acted when requested by the proper City authorities; that notwithstanding the arrangement, it had continued to maintain its police force to the same number and strength as theretofore, performing the same duties with respect to regulating and controlling traffic. As to the result of both arrangements, the regulating traffic and doing those things which it was required to do in respect to keeping the streets usable, there had been no decrease in the cost. The City also alleged that it furnished police and fire protection to such automobiles of employees while parked in the railroad company's private parking lot.

Proof was taken by way of depositions, and without going into detail, it is gathered that each party fairly proved all factual allegations set out in the respective pleadings, insofar as they enter into the conclusion reached by the trial judge, who upon submission declared that the City had the right to exact the license fee of the plaintiff, and dismissed his petition with appeal granted.

Appellant does not attack the portion of the ordinance in question on the grounds of invalidity, and could hardly do so, because we held it to be valid in Johnson

v. City of Paducah, 285 Ky. 294, 147 S. W. 2d 721. His only contention is that it is not applicable to him because he only drives his car over the designated streets and parks it on the company's private lot, and because of the arrangements above mentioned, the City is not put to any expense in "maintaining," regulating traffic on, or policing these particular streets.

Appellant in brief contends that because of the *facts* stated and admitted by appellee, the City "has no right to impose a license tax on plaintiff's automobile on account of his driving it over the state road highways in Paducah," and argues that the present tax is "purely a revenue tax on appellant's automobile." It is assumed that appellant means that since he has shown that he is not liable because of non-use, the tax amounts to a revenue to the City. As to the cars and their use shown in the Johnson case, we distinctly held that the ordinance was one of regulatory nature, enacted under the City's police power, citing cases, an applicable one being City of Newport v. French & Bauer Co., 169 Ky. 174, 183 S. W. 532. The character and purpose of the ordinance is not altered by the facts alleged by appellant, in respect to the use of his car.

We held in the Johnson case that the classification made by the part of the ordinance here attacked, constituted a reasonable basis for the imposition of the tax. To follow appellant's argument and uphold his contention, under the facts proven, would lead to the approval of a reclassification without any reasonable foundation. The fact that the City is by the arrangement with the State Highway Department relieved of the maintenance of the designated streets, does not, according to proof, relieve the City of its governmental function of policing these streets, or doing what it is obligated to do as a City and under the contract with the Department; the same is true as to the effect of the arrangement with the State Police Department, which at most serves the City sporadically and as shown by undisputed proof, does not lessen the incidental cost or expenses, but which no doubt have materially increased since the passage of the questioned ordinance.

We find nothing in the record, or in the law which would justify us in upholding his contentions, hence the judgment must be and is affirmed.