**CITY OF GEORGETOWN, by etc.,**
**Appellants,**

v.

**Earl MORRISON, Sheriff of Scott County, Ky., et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 16, 1962.

Richard M. Compton, Georgetown, for appellant.

McKnight & Pryor, Georgetown, for appellee.

STANLEY, Commissioner.

The vital provisions of an ordinance of the City of Georgetown levying a motor vehicle license tax are quoted:

"*Section 1.* Tax Imposed. Every person, firm, partnership, corporation and association residing or having its place of business or activities in the City of Georgetown, Kentucky, who operates a motor vehicle of any kind within said City shall pay to the City of Georgetown a license fee of Ten Dollars ($10.00) for each vehicle so owned and operated.

"*Section 2.* Non-residents. Such license shall also be required of every person, firm, partnership, corporation and association residing outside of the City of Georgetown, Kentucky, and owning or operating or causing to be operated any motor vehicle upon and over the streets thereof in connection with a business conducted, or regular occupation followed within the City limits, or as a means of conveyance to and from a position, job or labor for which remuneration is received from such business or occupation in said City."

Other sections provide that a license "sticker," furnished by the City, shall be placed on the windshield of each car; that the proceeds shall go into the general fund of the City; and that a violation of the ordinance is punishable by a fine of not less than $10.00 nor more than $50.00.

The enabling statute, KRS 86.120, relating to the organization and government of cities of the fourth class reads: "The city council may: License, tax and regulate, within the city * * * vehicles," etc.

Two actions for declaratory judgments and injunctive relief, filed by Earl Morrison, Sheriff of Scott County, and by Howard Kelsey, a nonresident, challenge the validity of the ordinance as it affects their motor vehicles. On a consolidated trial, the

circuit court adjudged the ordinance to be a revenue measure and the license may be imposed only upon citizens of Georgetown and cannot be imposed upon the sheriff of the county or temporary residents of the City or anyone who does not have the right to vote therein. The City and its Mayor and Councilmen appeal.

The trial court found that the plaintiff, Earl Morrison, the sheriff, and two deputy sheriffs jointly owned an automobile. It was registered as "Sheriff of Scott County," and bore insignia showing it to be the car of the sheriff. The court further found that Morrison and his deputies, "in the performance and discharge of the duties of the office, were required to use and did use the automobile *solely in the performance and discharge of their official duties.*" One of the court's reasons for denying the City's claim that the ordinance is a valid tax enacted under its police power was that it undertook to impose a license tax upon the sheriff "for the privilege of discharging the official duties that the people in a free election voted that he must perform for all the citizens within the confines of the county," and to prohibit the sheriff and his deputies from performing "the duties of the highest police officer in the county unless he pays for the right to do so by taking out a license for the city authorities before he can carry out his duties imposed by the Constitution of Kentucky."

In general, it may be said that license taxes may be imposed by a city for the purpose of regulation or revenue or for both purposes. Commonwealth, for Use and Benefit of City of Hazard v. Kelley, 229 Ky. 722, 17 S.W.2d 1017; George Wiedemann Brewing Co. v. City of Newport, Ky., 321 S.W.2d 404. But a license tax may not under the guise of police power be imposed for revenue purposes. 33 Am.Jur., Licenses, § 19; City of Henderson v. Lockett, 157 Ky. 366, 163 S.W. 199; Schoo v. Rose, Ky., 270 S.W.2d 940. Not only the evidence of the conditions or the circumstances under which the present Georgetown ordinance was enacted but legal criteria for determining the distinction sustain the trial court's finding that it is a revenue measure. Johnson v. City of Paducah, 285 Ky. 294, 147 S.W.2d 721; 33 Am.Jur., Licenses, § 19; 38 Am.Jur., Municipal Corporations, § 366. For the purposes of these cases the distinction does not appear to be material. But it is pertinent to note the concept of a tax of this character on motor vehicles is that it is in the nature of a toll or compensation for the privilege of using the streets of the city, rather than a tax on property. 38 Am.Jur., Municipal Corporations, § 368. Under this ordinance the license is imposed on the use of vehicles and is payable by either the owners or the operators. It is unnecessary here to express an opinion upon the appellees' contentions that on this account the ordinance exceeds the grant of the Enabling Statute, KRS 86.120(1), or that it is invalid for indefiniteness and uncertainty. Our decision is confined to the liability for the use of the particular vehicles involved.

I.

The appellee Howard Kelsey lives in Danville. He had been employed as a brick mason by a firm engaged in erecting a building in Georgetown for two months before the enactment of the ordinance and one month thereafter. Kelsey used a station wagon in connection with his work for which he paid the city license because the vehicle was left in Georgetown practically all the time; but he declined to pay the license or, as he expressed it, "purchase stickers" for three trucks used on the job. One of them was in the City three to five times, one of them "maybe two days a week" and the other was in Georgetown only one time during the period. Kelsey was issued a citation by Georgetown police to appear in court for trial for violating the ordinance in respect to these three vehicles. His present suit was promptly filed, and, as stated, the court adjudged nonliability for the tax and granted injunctive relief.

It has been consistently held that a non-resident of a city who operates a motor vehicle within the city boundaries only occasionally or temporarily cannot be required to pay a license tax for the use of the streets. If he could, it might result in an owner or operator having to obtain a license from every town in which his casual engagements might call him or in which he might go. This would be in derogation of the public right to use the highways of the state. Commonwealth, for Use and Benefit of City of Hazard v. Kelley, 229 Ky. 722, 17 S.W.2d 1017; Rogers v. City of Louisville, 296 Ky. 238, 176 S.W.2d 387; Young and Jones v. Town of Campbellsville, 199 Ky. 284, 250 S.W. 979; Cf. H. H. Leet Furniture Co. v. City of Richmond, Ky., 357 S.W.2d 329; 5–A Am.Jur., Automobiles and Highway Traffic, § 109. But local authorities have the power to lay a license tax on automobiles or upon nonresident owners who are regularly employed in the city and use the vehicle in going to and from their work or making regular use of the streets and municipal facilities of the city in furtherance of their occupation or carrying on their business located therein. Commonwealth, for Use and Benefit of City of Hazard v. Kelley, supra; Johnson v. City of Paducah, 285 Ky. 294, 147 S.W.2d 721; Watson v. City of Paducah, 312 Ky. 680, 229 S.W.2d 453. Indeed, § 2 of the Georgetown ordinance seems to provide that the license is payable only by a nonresident within this latter class. However, we think the judgment went too far in holding the ordinance applicable only to owners or operators of motor vehicles who are resident voters, and that it should have been limited to the plaintiff Kelsey.

## II.

■ The appellee Morrison was sheriff of Scott County. He, too, lived outside the city limits. He was cited by city police to appear for trial on the charge of violating the ordinance by using an automobile without having paid the city license tax.

The automobile was jointly owned by Morrison and two deputy sheriffs, as stated above, but the bill of sale and the state registration were merely "Sheriff of Scott County." The car was equipped with a siren and flasher light and had large stars and the word "Sheriff" on each side. The automobile was used in performing official duties and official duties only. When not in such use the car was parked, day and night, in a space at the side of the courthouse, specially reserved by the City for the sheriff's car. The Commonwealth paid the sheriff's office for the use of the vehicle on a mileage basis, with a maximum computed at $125 a month, KRS 70.160, 70.-170, for patrolling the highways and checking on roadhouses. The trial court, during the course of Morrison's examination, stated he would take judicial notice that it is the practice of sheriffs in central Kentucky to provide an official car in the same way as that provided by Sheriff Morrison, but he would permit attorneys for the City to show otherwise. No evidence to the contrary was introduced.

While there is no statute requiring the sheriffs or their deputies to own motor vehicles, their use is absolutely necessary in the performance of the multiplicity of duties as the chief police officers of a county and bailiffs of the courts. Cf. Funk v. Milliken, Ky., 317 S.W.2d 499, Syl. [9], [17]. Among those duties, in particular, is the duty to convey and transport prisoners to penitentiaries and to patrol all public roads of the county, investigate automobile accidents, etc. KRS 70.130, 70.150. The sheriff is required to make monthly visits and inspections of dancehalls, roadhouses, etc.

It is to be considered that the state has special provisions for the registration and licensing without payment of the ordinary fees of motor vehicles exclusively owned and operated by governmental units, including a city specifically. KRS 186.060. And members of the armed forces of the United States are exempted from the requirement of operator's licenses when op-

erating a vehicle in the course of their services. KRS 186.420(2).

As stated in Annotation, "Municipal ordinance relating to persons engaged in specified occupations or professions as applicable to officials or employees of state or political subdivision other than the municipality," 123 A.L.R. 1383, there is little authority on the question of whether a municipal ordinance relating to persons engaged in specified occupations or professions is applicable to officials or employees of the state. The case to which the annotation is appended, Ex parte Means, 14 Cal.2d 254, 93 P.2d 105, 123 A.L.R. 1378, holds that an ordinance making it unlawful for any person to perform labor as a journeyman plumber without procuring a certificate of registration from the city, to procure which he must subject himself to an examination as to his qualifications and make bond of indemnity, could not be applied to a state employee working on a state project within the city limits. The court recognized the rule of statutory construction, based upon sound public policy, that the state is not bound by a city ordinance unless it is mentioned specifically or by necessary implication, and that courts would not assume a legislative intention on the part of the city council to interfere with acts of the general government. The opinion uses as an example the holding of the Supreme Court that a state has no power to require employees of the United States to obtain a license to operate an automobile. Johnson v. State of Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126. Pertinent to the case at bar is the reasoning of the Supreme Court in the Johnson case that the requirement that drivers desist from performance of their duties until they have passed an examination and paid a fee for permission to drive within the city, "does not merely touch the Government servants remotely by a general rule of conduct; it lays hold of them in their specific attempt to obey orders and requires qualifications in addition to those

that the Government has pronounced sufficient."

The Supreme Court had previously said: "The power to tax the exercise of a privilege is the power to control or suppress its enjoyment." Murdock v. Commonwealth of Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292, 146 A.L.R. 81. This court in Kentucky Institute for Education of Blind v. City of Louisville, 123 Ky. 767, 97 S.W. 402, 8 L.R.A.,N.S., 553, pointed out that a municipal government is but an agent of the state—not an independent body—and that in creating municipal governments, the state does not cede to them any control or management of the state's property located within them, nor over any property which the state has authorized another to control; hence, the city could not impose a charge upon the state's property, nor, by way of illustration, upon a county courthouse.

It is said in 33 Am.Jur., Licenses, § 8, "License fees cannot be exacted of public servants or those engaged in public work." Our case of Figg v. Thompson, 105 Ky. 509, 49 S.W. 202, 44 L.R.A. 135, 88 Am. St.Rep. 316, is cited as authority. We held in that case that the imposition of a city license tax on contractors for street construction was invalid.

It is said in 53 C.J.S. Licenses § 10 that ordinarily a municipality may not enact an ordinance requiring licenses and collect occupation and privilege taxes within their corporate limits where such ordinance is in conflict with or inconsistent with the general law or with the public policy of the state.

It is well recognized that a city cannot impose a license tax on a national bank, deemed to be a federal instrumentality. City of Shelbyville v. Citizens Bank of Shelbyville, 272 Ky. 559, 114 S.W.2d 719. And only because of permission granted to do so by an Act of Congress, known as the Buck Act (4 U.S.Code, §§ 105–110) we held that a city occupational tax—

a license tax—can be imposed upon employees of a federal plant located within the city. Commissioners of Sinking Fund of City of Louisville v. Howard, Ky., 248 S.W.2d 340; Howard v. Commissioners of Sinking Fund, Ky., 249 S.W.2d 816; affirmed, Howard v. Commissioners of Sinking Fund, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617.

It is to be borne in mind that the instant license tax of Georgetown under the Enabling Statute is on the "vehicle"—not the owners or operators—and the tax is a toll for the use of the streets by a vehicle, which in the present case is used exclusively in performing a governmental function of the state. In short, the question is resolved into whether a city may require a tax on the use of a motor vehicle used exclusively in the service of the state on pain of arrest of the officer driving it, and thereby obstruct him in the performance of his duty. Doubtless, out of a decent regard for the situation, city policemen would refrain from arresting the sheriff for violating the ordinance while he was in pursuit of an offender. However, the ordinance authorizes such obstruction of justice. Surely that offends public policy. It seems to us, therefore, this ordinance may not be made to apply to the motor vehicle used and operated exclusively in the service of the state, as the circuit court adjudged.

### III.

The judgment in the Kelsey case may be modified to accord with the limitations herein stated, and as such it will be affirmed. The judgment in the Morrison case is affirmed.

Judgments affirmed.

MONTGOMERY, Judge (dissenting).

I respectfully dissent from the majority holding that Earl Morrison is exempt from paying the $10 license tax imposed by the ordinance set forth in the opinion. It seems to me that the license tax is required of the owner or operator of a motor vehicle for the privilege of operating it upon and over the streets of the City of Georgetown, as opposed to the use to which the vehicle is put in the occupation of the owner or operator.

The tax ordinance is a revenue measure. I can see no valid distinction between the payment by the sheriff of this license fee and the purchase of the usual $5 auto license registration fee which, admittedly, he has paid to the Commonwealth of Kentucky annually, or the payment of city property taxes, which it is shown that he has paid. The car was privately owned and used by the sheriff in his business. He is not required by any statute to own or operate such a car or to have one in the conduct of his business. Had the vehicle fallen in the category of an official vehicle, it should have had a license tag issued indicating such, and would have been owned by a governmental body, in which event I would readily agree that it would not be subject to the city license tax.

Under the circumstances of this case, I see no justification for excusing appellee from bearing the same burden of license tax under the ordinance as that of anyone else who owns or operates a motor vehicle upon and over the streets of the City of Georgetown. I concur in the opinion in City of Georgetown v. Kelsey, a companion case this day decided.