Fox *v.* Mayor and Aldermen of Morristown.

(*Knoxville*, September Term, 1930.)

Opinion filed November 11, 1930.

Designated for Publication October 7, 1943.

O. L. McMahan, of Morristown, for plaintiff in error.

John R. King, of Morristown, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a fine of $2 for violation of an ordinance of the town of Morristown which requires a license for automobiles operated on the streets of the town. The ordinance by amendment provides that it shall apply "to all persons living without the corporate limits, but who are engaged in business within the town and coming in regularly in pursuit of said occupation."

By amendment to its charter, in 1925, the town of Morristown was expressly empowered "to license, tax and regulate automobiles, automobile trucks," etc. The ordinance enacted, after providing in general terms that no person shall drive or operate an automobile on the streets without having first received a permit from the Recorder, provides that it shall not apply to tourists, or persons passing through the town and stopping for less than thirty days, or to persons living outside of the corporate limits and coming into town in the ordinary pursuit of business or pleasure. This was the substance of the original ordinance, but, as already stated, the amendment requires the license of all persons living without the corporate limits who are engaged in business within the town and coming in regularly in pursuit of said occupation.

Fox lived out of the corporate limits, but was employed in a Hosiery Mill located within the corporate limits and accustomed to regularly drive a car to his place of business. He thus comes clearly within the provisions of the ordinance as amended.

The grounds set up for a new trial were that the ordinance was unconstitutional and class legislation and that

there was no evidence to support the judgment. Neither in this motion, nor in the assignment of errors here, is any reference made to any specific constitutional provision. Counsel content themselves with the general statement that the ordinance is unconstitutional and class legislation. Conceding that the question of constitutionality has been properly raised, it appears that this is the only question before this Court. The authority of the Legislature and the passage of the ordinance, as well as its violation by Fox, are shown.

We are unable to discover wherein the ordinance is unconstitutional. Where one's residence happens to be is not material, when it appears that he regularly uses the streets of the town with an automobile and enjoys the protection of the traffic laws and officers, uses the paved streets, lights and other conveniences afforded and enjoys all the privileges which a resident within the corporate limits enjoys in this regard. The ordinance is directed at the operation on the streets of the automobile. It is in no sense a tax against the property of the operator located outside of the corporate limits. Counsel concede that the town has the right to require this license of all persons residing within the town. We see no unjust discrimination in the requirement that a party who uses the streets of the town regularly, in the same way that residents do, shall procure a license just as the residents do. A distinction is to be taken between a person who, although living out of the corporate limits, is habitually and regularly within the town on business, or at his occupation, and using its streets, and one who has his home and his occupation outside and comes into the town only occasionally. We think no class legislation is involved. The classification made is reasonable and justifiable.

The judgment is affirmed.