CITY OF CHATTANOOGA *v.* JACKSON.

(*Knoxville*, September Term, 1937.)

Opinion filed Jan. 18, 1938.

Eugene H. Tatum and Jere T. Tipton, both of Chattanooga, for City of Chattanooga.

Carlyle Littleton, of Chattanooga, for Ernest Jackson.

Mr. Justice Cook delivered the opinion of the Court.

The defendant was fined by the city court for operating an automobile as a common carrier without a license or permit as provided by ordinance passed in conformity with Code, sections 5535-5538. The criminal court sustained the judgment of the city court. Upon appeal the cause was transferred from this court to the Court of Appeals, where the judgment of the criminal court was reversed. The Court of Appeals held that chapter 119, Acts of 1933, impliedly repealed chapter 60, Acts of 1915, carried into Code, sections 5533-5538. The cause is here upon *certiorari* and assignments of error to review the judgment of the Court of Appeals.

It is admitted that defendant operated an automobile as a common carrier on the streets of Chattanooga without a license as required by the statute and ordinance, but it is insisted that the ordinance is void because the

power of regulation conferred upon municipalities by the above Code sections was transferred to the Public Utilities Commission by chapter 119, Acts of 1933, and which, by implication, repealed the prior statute. Chapter 119, Acts of 1933, broadly conferred power upon the Public Utilities Commission to regulate transportation by motor vehicles on all public highways and, by the definition of public highways, included the streets of all municipalities. No provision of the Act of 1933 referred to chapter 60, Acts of 1915, Code, sections 5533-5538, by which municipalities were authorized to license motor vehicles operated as common carriers within the corporate limits. The vehicles regulated by that act were known as ''jitneys'' and they are defined in *Memphis St. Railway* v. *Rapid Transit Company*, 133 Tenn., 99, 179 S. W., 635, L. R. A., 1916B, 1143, Ann. Cas., 1917C, 1045. The only question presented by the assignments of error on behalf of the city is whether or not chapter 119, Acts of 1933, impliedly repealed or suspended Code, sections 5533-5538.

A statute inconsistent with and embracing the entire subject-matter of a prior statute repeals it by implication, or, to be more accurate, suspends the former and renders it inoperative during the life of the later statute. But repeals by implication are not favored. Nothing short of irreconcilable conflict between statutes works repeal by implication, and so if the acts are merely cumulative, or, if by reasonable construction they can stand together, the implication of repeal does not arise. *State ex rel.* v. *Drummond*, 128 Tenn., 271, 274, 160 S. W., 1082.

The act providing for regulation of motor carriers for hire throughout the state by the Public Utilities Commission may be reconciled with the Code provisions

authorizing municipalities to regulate by license motor vehicles using the streets of the municipality as common carriers. Municipalities have a proprietary interest in their streets; they are burdened with the maintenance of steets and charged with the duty of regulating traffic thereon. The municipal governments of the state are familiar with their local traffic problems and their ability to provide means for street maintenance. The extension of regulatory power over motor vehicles throughout the state to the Public Utilities Commission conveys no implication of an intention to deprive municipalities of power to regulate the use of their streets by motor carriers for hire within the corporate limits. Both are regulatory measures, cumulative in their effect, and both may be administered for the safety and convenience of the public.

For the foregoing reasons, we are constrained to reverse the judgment of the Court of Appeals and affirm the judgment of the criminal court.