MARSHALL *v.* STATE.

(*Jackson*, April Term, 1943.)

Opinion filed May 8, 1943.

John F. Hall, of Jackson, for plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Special Justice Lloyd S. Adams delivered the opinion of the Court.

Henry Robert Marshall was convicted in the Circuit Court of Madison County, Tennessee, on a charge of violating the automobile registration laws of the State of Tennessee, and a fine of $25 was assessed against him.

The defendant was a resident of the State of Kentucky, and a doctor by profession. He maintained an office in the city of Jackson, Madison County, Tennessee, where he practised his profession for two days in each week. The remaining time he resided in the city of Mayfield, Kentucky, where he practised his profession. He traveled

from Mayfield, Kentucky, to Jackson, Tennessee, and return, over the highways of the State of Tennessee by private automobile which was duly registered in the State of Kentucky, but was not registered in the State of Tennessee. When demand was made upon the defendant to register his automobile as required by law, be declined to do so upon the theory that he was a nonresident of the State of Tennessee and at no time remained in Tennessee for a period of thirty days.

The first assignment of error challenges the action of the court in permitting the prosecution to introduce in evidence a reciprocal agreement existing between the states of Tennessee and Kentucky, the objection being upon the theory that the agreement was illegal and void and that there was no legal authority to authorize its execution. That part of the agreement applicable to private automobiles is as follows:

"The State of Tennessee and the Commonwealth of Kentucky acting through the Commissioner of Finance and Taxation for Tennessee and the Commissioner of Revenue for the Commonwealth of Kentucky repectively hereby agree that:

"Paragraph 1. Private passenger motor vehicles not operated for compensation and properly licensed in the State of which its owner and/or operator is a resident shall be allowed to operate in both States for a period of thirty days, provided, however, any person who becomes gainfully employed within the State where the motor vehicle is not registered shall be required to immediately register such vehicle within the State where he is gainfully occupied or employed."

This reciprocal agreement was made pursuant to Chapter 242 of the Public Acts of the General Assembly

of the State of Tennessee for the year 1937. Counsel for defendant, in effect, contends that the Act authorizing this agreement is unconstitutional and void because the Legislature attempts to delegate its authority to the Commissioner of Finance and Taxation.

The question of the Legislature delegating its authority or power is as old as the constitution and has been the subject of innumerable controversies and decisions. It has now been very definitely established that conferring the authority or discretion in the administration or execution of a law, to be exercised pursuant to the provisions of the law, is not the delegation of the legislative power and discretion as to what the law shall be. The former is administrative and the latter legislative.

This question has been determined in the case of *Johnson Freight Lines, Inc.*, v. *Davis*, 174 Tenn., 51, 123 S. W. (2d), 820, in an opinion by MR. CHIEF JUSTICE GREEN, in which it is said:

"The Legislature has full authority over the highways of the State and may lay out their routes and regulate their use. *State ex rel.* v. *Cummings*, 130 Tenn., 566, 172 S. W., 290, L. R. A., 1915D, 274; *State Highway Department* v. *Mitchell's Heirs*, 142 Tenn., 58, 216 S. W., 336; *Liles* v. *Creveling*, 151 Tenn., 61, 268 S. W., 625. The Legislature may also prescribe the conditions on which highways may be used for gain—by carriers for hire. *Hoover Motor Express Co.* v. *Fort*, 167 Tenn., 628, 72 S. W. (2d), 1052.

"The Legislature may act in the matters just mentioned directly or may delegate such power to subordinate agencies, as the Highway Commissioner, or to the Railroad and Public Utilities Commission. Author-

ities *supra.*'' Page 56 of 174 Tenn., page 821 of 123 S. W. (2d).

This principle will also be found approved in *Southeastern Greyhound Lines* v. *Dunlap et al.*, 178 Tenn., 546, 160 S. W. (2d), 418; *Knoxville Housing Authority, Inc.*, v. *City of Knoxville*, 174 Tenn., 76, 123 S. W. (2d), 1085; *Corn* v. *Fort*, 170 Tenn., 377, 95 S. W. (2d), 620, 106 A. L. R., 647; *Interstate Trucking Co. et al.* v. *Dammann*, 208 Wis., 116, 241 N. W., 625, 82 A. L. R., 1080.

We conclude therefore, that the Act authorizing the reciprocal agreement is not unconstitutional, and that the agreement made pursuant thereto is not illegal and is not in conflict with the general registration laws upon this subject.

It is contended that as a nonresident of the State may operate an automobile upon the highways of this State for thirty days without complying with the registration laws, that the provision of the reciprocal agreement requiring one who becomes gainfully employed within the State to comply with the Act regardless of whether or not he remains in the State continuously for thirty days, is in conflict with the Act itself.

In view of this contention and the questions involved, it becomes necessary to consider the general legislation requiring automobiles to be registered in the State of Tennessee. By Section 2 of Chapter 55 of the Public Acts of 1935, as amended by Section 1 of Chapter 89 of the Public Acts of 1941, it is provided:

''As a condition precedent to the operation of any motor vehicle upon any highway, road, street or other public thoroughfare in Tennessee the owner or operator thereof shall first register such vehicle with the Department of Finance and Taxation in the manner hereinafter

provided, and shall pay the registration fees hereinafter imposed. Registration shall be effected through the County Court Clerk in the county wherein the owner resides or maintains headquarters or citizenship in this State when such residence or headquarters is capable of identification, and in such manner as the Commissioner of Finance and Taxation may prescribe when no residence or headquarters in this State is readily ascertainable.

"The Commissioner of Finance and Taxation shall adopt and promulgate rules and regulations adapted to the enforcement of this Section and succeeding sections relating to motor-vehicle registration, which rules and regulations shall have the force and effect of law; . . ."

This provision, unmodified, requires every owner or operator of a motor vehicle upon the highways of this State to register such vehicle without regard to the number of days sojourned in the State of Tennessee; such registration to be made in the county where the owner resides or maintains headquarters, or in such manner as the Commissioner may prescribe where no residence or headquarters is readily ascertainable. The operator of such motor vehicle whether a resident or not, if maintaining headquarters in this State, must register the motor vehicle. However, by Section 6 of Chapter 55 of the Public Acts of 1935, the Legislature extended to nonresidents the privilege of operating such motor vehicle upon the public roads of this State for a period of not exceeding thirty days. Considering the entire Act and scheme of legislation, it is our opinion that it was not the intention of the Legislature to permit a nonresident to operate a business or practise his profession in the

State of Tennessee for a period of, say twenty-nine days and be out of the State for one day, thus avoiding the thirty-consecutive-day period, and avoid the registration of his automobile. It is our opinion that as soon as the operator establishes headquarters in the State of Tennessee that he is required by law to register his automobile, regardless of the thirty-day privilege extended nonresidents.

■ In the instant case the defendant, having established headquarters in Madison County, Tennessee, is obliged to register his automobile in Madison County, even though he is a nonresident and at no time remains continuously within the State for thirty days. This is required regardless of the reciprocal agreement.

■ ■ Considering the legislation and the reciprocal agreement together, when a nonresident of the State of Tennessee becomes gainfully employed within the State and establishes a headquarters, he is then amenable to the Act. If he is gainfully employed but establishes no headquarters, then the Act is not applicable until the expiration of thirty days. If the nonresident is not gainfully employed within the State for thirty days continuously and does not establish a headquarters, then he is not required under the Act to register his automobile. For example, a nonresident traveling salesman may have Tennessee within his territory and may travel from place to place in pursuit of gainful employment; neither the Act nor reciprocal agreement are applicable. However, when he comes to rest in a particular locality and establishes an office or headquarters in pursuit of his gainful employment, then the Act is applicable. If the legislation is not

sufficiently broad to cover all situations that might arise, then it is a subject for consideration by the Legislature and cannot be extended by judicial interpretation.

The foregoing opinion effectively disposes of all assignments of error, which are overruled and the judgment of the court below is affirmed.