DeLay *et al. v.* City of Chattanooga *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed October 16, 1943.

E. B. BAKER and W. A. McCLURE, both of Chattanooga, and PAUL W. PAINTER, of Rossville, Ga., for complainants.

J. W. ANDERSON, of Chattanooga, for the City.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was brought by Harvey E. DeLay, a resident of the State of Georgia; Joe N. Hunter, a resident of Hamilton County, but a nonresident of the City of Chatta-

nooga; and E. E. Carter, a resident of the City of Chattanooga, in the Chancery Court of Hamilton County under the Declaratory Judgments Law, against the City and others.

The question presented is the validity of an ordinance of the City imposing a license fee of five dollars per annum on passenger automobiles using the streets of the City. In the original and amended bill the appellants alleged that the ordinance is null and void: (1) Because of the lack of legislative authority on the part of the City to enact same; (2) that the ordinance is in direct conflict with Section 3336.4 of the Code of Tennessee; (3) is violative of Article 2, Section 28, of the Constitution of Tennessee; (4) that as to nonresidents of the State of Tennessee it impedes and places an additional burden on interstate commerce in contravention of the Commerce Clause of the Constitution of the United States, article 1, sec. 8, clause 3; (5) that as to the residents of Georgia it is in conflict with a reciprocal agreement entered into by the Commissioner of Finance and Taxation with officials of the State of Georgia, said agreement having been made pursuant to Section 1152.7a of the Code of Tennessee; and (6) that the funds derived from the license fees are to be used by the schools of the City of Chattanooga and not for streets and highways of said City.

The chancellor was of opinion that the ordinance was a valid enactment and dismissed the bill except as to the complainant DeLay, and this ground was sustained on the idea that it placed a burden on interstate commerce, resulting in this appeal.

We are of opinion that the ordinance is within the legislative power of the City to enact. *Rutherford* v. *City*

*of Nashville,* 168 Tenn., 499, 79 S. W. (2d), 581; *McKelley* v. *City of Murfreesboro,* 162 Tenn., 304, 36 S. W. (2d), 99.

■ The question raised by the appellant Hunter has been decided adversely to him by this Court in the case of *Fox* v. *Mayor and Aldermen of Morristown,* Hamblen Law, October 11, 1930, 174 S. W. (2d), 297, by MR. JUSTICE CHAMBLISS, in which the constitutionality of an ordinance of the town of Morristown was upheld upon the ground that although the complaining party lived outside the corporation, he was habitually and regularly in town at his occupation using the streets of the town.

■■ This would be true, of course, of the complainants Joe N. Hunter and E. E. Carter. The reason underlying the decisions in the cases cited above is the fact that motorists enjoy the benefits of the streets and highways in the particular municipality. *McKelley* v. *City of Murfreesboro, supra; City of Memphis* v. *Battaile & Co.,* 55 Tenn., 524. Further, we are of opinion that the charter provisions of the City of Chattanooga were not repealed by implication or *superseded* by the provisions of Chapter 242 of the Public Acts of 1937, or by the reciprocal agreement made pursuant thereto by the Commissioner of Finance and Taxation with the officials of the State of Georgia. *McCanless* v. *Southeastern Greyhound Lines,* 178 Tenn., 614, 162 S. W. (2d), 370; *City of Chattanooga* v. *Jackson,* 172 Tenn., 264, 111 S. W. (2d), 1026. The City itself is charged with the duty of constructing and maintaining its streets, and the Commissioner of Finance and Taxation has no jurisdiction over the streets of the City and is without authority to contract with reference to the use thereof.

In the case of *Marshall* v. *State,* 171 S. W. (2d), 269, this Court held that Dr. Marshall, who lived in Mayfield,

Kentucky, and who had an office in Jackson, Tennessee, where he practiced his profession two days a week, was not entitled to the thirty-day exemption provided for nonresidents by the provisions of the State law; that where a nonresident established headquarters in this State he was required to register his automobile and pay the license fees provided by the State law. Also see *Johnson* v. *City of Paducah,* 285 Ky., 294, 147 S. W. (2d), 721.

 Neither do we think that the ordinance offends the interstate commerce clause of the Federal Constitution. The Supreme Court of the United States since the decision in *Hendrick* v. *Maryland,* 235 U. S., 610, 35 S. Ct., 140, 59 L. Ed., 385, has uniformly held that a city or state which at its own expense furnishes streets and highways for the use of those engaged in interstate commerce may require compensation for the use of such streets and highways, and if the charges are reasonable and uniform they constitute no burden on interstate commerce. Here nonresidents are not discriminated against. They are exempt for thirty days, unless they have a place of business, headquarters, an office, or are gainfully employed within the city.

It results that the judgment of the lower court as to Hunter and Carter will be affirmed, but as to DeLay it will be reversed.