HERMITAGE LAUNDRY CO., INC. *et al. v.* CITY OF
NASHVILLE *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed February 28, 1948.

LEVINE and LEVINE, of Nashville, for appellants.

CLAUDE CALLICOTT, of Nashville, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed to attack the validity of an ordinance of the City of Nashville, "No. 1886—Providing for the licensing of wheeled vehicles." The basis of attack is that the ordinance is in violation of Chapter 18, 3rd Extra Session of the 1937 Legislature, the caption of which is as follows: "AN ACT to declare the driving of all motor vehicles, whether for pleasure or profit, upon the roads, streets or other highways of the State of Tennessee, a privilege to be taxed and regulated by the State of Tennessee exclusively and forbid the taxation or regulation of the same by any municipality."

On the other hand, the Defendant insists that the ordinance is saved by the following proviso of Chapter 18 of the 1937 Act: "Provided nothing herein shall prohibit municipalities to maintain and operate safety lanes, inspection bureau or stations, nor abridge their right to require City Automobile tags." Section 2.

So the real controversey may be stated as an effort to have determined whether the ordinance in question is a revenue measure and privilege tax, or whether as the City contends, fees charged under the ordinance are licensing

fees and the measure a regulatory measure passed in the exercise of the police power of the municipality.

The hearing was on bill and answer and the Chancellor, after filing a careful written opinion which has come up with the record, held the ordinance a licensing and regulatory measure within the police power of the City, and dismissed the bill. Complainant has perfected his appeal from this action of the Chancellor.

There are three recent decisions of this Court which are all, more or less, pertinent, but none of which is conclusive. *Fox* v. *Mayor and Aldermen of Morristown*, 180 Tenn. 256, 174 S. W. 2d 297; *DeLay* v. *City of Chattanooga*, 180 Tenn. 316, 174 S. W. 2d 929, and *Southeastern Greyhound Lines* v. *Knoxville*, 181 Tenn. 622, 184 S. W. 2d 4. Consideration of the opinions in these three cases shows clearly that the primary factor in determining whether a city ordinance such as the one before us does or does not contravene the provisions of Chapter 18 of the 3rd Extra Session of 1937, depends on a careful consideration of the ordinance itself.

Consideration of the Nashville ordinance which is referred to as "the wheel tax ordinance," and of certain stipulations reveal that the ordinance was passed by the municipal authorities in 1920, long before the passage of the legislative act of 1937; that since the legislative Act of 1937, until the filing of the present bill, the ordinance has been enforced by the City authorities without question; that the ordinance has no application to passenger automobiles, but imposes a graduated fee for licensing public and commercial vehicles, not only those motor driven, but also those horse drawn; that vehicles of this class present a special and independent problem in the policing of streets and congestion of traffic; that the ordinance requires that such vehicles have a special license tag for pur-

poses of identification; that these licenses are issued annually on April 1, at a date different from the date (July 1) on which privilege taxes are paid; and that peddlers plying their trade in wheeled vehicles, are required to pay this fee in addition to their ''privilege as provided by law.'' ''Mathematical nicety is not exacted in cases where a license fee is charged as an incident to the enforcement of a police power ordinance. Before such an ordinance can be declared invalid, it must appear either on its face, or by proof, that it was in fact intended to be a revenue measure. The city council of Nashville is not presumed to violate the law, and the court cannot accede to the suggestion that such a presumption should be indulged.'' *Rutherford* v. *City of Nashville*, 168 Tenn. 499, 512, 79 S. W. 2d 581, 586.

When two constructions of an ordinance are possible, one of which will strike down the ordinance, and the other of which will uphold it, the latter construction will be adopted. *Rutherford* v. *City of Nashville, supra.* Because legislation is presumed to be valid, we approach consideration of the present ordinance with the presumption that it was enacted as a licensing regulation under the police power, and not as a revenue measure. *Soukup* v. *Sell*, 171 Tenn. 437, 441, 104 S. W. 2d 830. That presumption is fortified in the present case by the fact that this ordinance, though not directly upheld, has been recognized as an exercise of the police power, and so enforced for many years. *Willis & Turner* v. *Moore & Davis*, 151 Tenn. 562, 271 S. W. 736.

We think the Complainant has wholly failed to show either in his bill or his brief, any language in the ordinance which is inconsistent with its construction as a licensing and regulatory measure under the police power. The fact that as an incident of its enforcement, the City

derives revenue, does not change its character. *Porter* v. *City of Paris*, 184 Tenn. 555, 201 S. W. 2d 688. The *Porter Case,* in which an ordinance of Paris Tennessee, was upheld, was decided after *the Southeastern Greyhound Case, supra,* in which a Knoxville ordinance was invalidated. Yet there is no conflict in the two opinions, and study of them shows that the result in each case was reached by consideration of the exact language and purpose of the ordinance under review. The amount of the levy, its declared purpose, and the object on which it was laid show clearly that the Knoxville ordinance was a revenue measure and not an attempted exercise of the municipal police power. In addition, the Knoxville ordinance was found to be an undue burden on interstate commerce, since the vehicles on which the levy was attempted, were used as auxiliaries of other vehicles actually engaged in such commerce.

There is no showing in the present case that the license fees under the Nashville ordinance are unreasonable or disportionate to the amount of expense necessary to the exercise of the police power under the ordinance, and no question is raised by any Complainant who is engaged in interstate commerce. For these reasons we think that this case is ruled, as the Chancellor found, by *Fox* v. *Mayor and Aldermen of Morristown, supra; Delay* v. *City of Chattanooga, supra; Porter* v. *City of Paris, supra* and not by the *Southeastern Greyhound Lines* v. *Knoxville, supra.*

Decree affirmed.

All concur.