WRIGHT *v.* TOWN OF CAMDEN.

(*Jackson*, April Term, 1953.)

Opinion filed June 5, 1953.

C. N. FRAZIER, of Camden, and R. M. MURRAY, of Huntingdon, for plaintiff in error.

PEELER & HOLLIS, of Camden, for Town of Camden.

Mr. Justice Burnett delivered the opinion of the Court.

The plaintiff in error, Wright, was arrested and fined $2 for violating Ordinance Number GB-24 of the Town of Camden. This ordinance in effect provided that people owning automobiles in the town should pay a certain license fee to the city for the purpose of operating said automobiles in the town. Wright refused to pay this fee because he considered the ordinance unconstitutional for various reasons. The trial judge under the authority of *DeLay* v. *City of Chattanooga,* 180 Tenn. 316, 174 S. W. (2d) 929, held the ordinance valid and affirmed the fine which had been entered against Wright by the City Recorder. The motion for new trial and other things were duly filed and an appeal has been seasonably perfected. We now have the matter for determination.

Pertinent portions of the ordinance are as follows:

"Ordinance No. GB-24. An ordinance levying an annual privilege tax upon passenger automobiles and automobile trucks operating on and over the streets of the Town of Camden: providing for the collection thereof, and providing penalties for the violation of its provisions.

"Section 1: Be it Ordained By The Mayor And Aldermen Of The Town Of Camden, Tennessee, that, in order that the owners and operators of motor vehicles may *contribute to the cost of constructing and maintaining the*

*streets,* alleys and highways of the Town of Camden and thereby release other revenues of the Town of Camden so that the Town may have additional funds for the operation and maintenance of its other municipal functions, there is hereby levied an annual privilege license in the sum of Five ($5.00) Dollars on each passenger automobile and each automobile truck using the public streets, alleys and highways of the Town of Camden, which revenue shall be appropriated to street account, to be used in constructing and maintaining said streets, alleys and highways, provided, non-resident owners of passenger motor vehicles and automobile trucks not operated for hire shall be allowed to operate such motor vehicles upon the streets, alleys and highways of the Town of Camden for a period of thirty days (30) ; * * * ''.

It is contended that the City of Camden had no inherent nor charter power to pass the ordinance in question and that if the charter did contain any such power it was violative of a certain provision of the Constitution of Tennessee not herein necessary to be mentioned because of the disposition that we must make of this case. It was also contended that if the city did have such charter power that this had been rendered void by Chapter 18 of the Third Extraordinary Session of the Legislature of 1937. This chapter is quoted in full in our case of *Southeastern Greyhound Lines* v. *City of Knoxville,* 181 Tenn. 622, 184 S. W. (2d) 4, 6. The provisions of this enactment are also carried in the Code as Sections 3336.4 and 3336.5. It therefore will not be necessary to quote this enactment herein. Suffice it to say that by the legislative enactment last above referred to no municipality in this State may enact an ordinance for the collection of privilege taxes upon a business or occupation under its general police powers. Clearly the purpose of

the ordinance herein alleged to have been violated sought to impose a tax upon the owners and operators of automobiles for the purpose of helping defray "the cost of constructing and maintaining the streets, alleys and highways of the Town of Camden—''. This ordinance as shown by the portion above copied clearly disclosed that it was a revenue ordinance and as such was in contravention of the Acts of the Legislature (now codified) above referred to forbidding the levying of such a tax by a city. The legislative act among other things provided that no municipality should levy such a tax and that such a tax "is hereby declared an exclusive State privilege and no tax for such privilege under any guise or shape shall hereafter be assessed, levied or collected by any municipality of the State of Tennessee''.

Therefore clearly for this reason the ordinance in question is unconstitutional under the authority of *Greyhound Lines* v. *Knoxville,* supra.

The trial judge and the city have taken the very plausible position that this case is controlled by our case of *DeLay* v. *City of Chattanooga,* 180 Tenn. 316, 174 S. W. (2d) 929. This Court in *Greyhound Lines* v. *Knoxville,* supra [181 Tenn. 622, 184 S. W. (2d) 7], distinguished the DeLay case in language as follows:

"We think that case is easily distinguished from the one now before us. While counsel for DeLay raised the question that the license fee of five dollars was invalid for lack of legislative authority of the City to enact it, the Court largely rested its decision upon the theory that it was a regulatory tax and enforceable under the police power of the City''. Citing various previous cases of this State.

In view of the cases cited by this Court in the DeLay case which are all cases referring to a regulatory tax

properly imposed under the police powers of the city we must again conclude that this Court considered the Chattanooga ordinance under that provision. We must, therefore, relegate the DeLay case to that category and consider that the question here presented was not determined by the DeLay case. The result is that the judgment below is reversed and the suit dismissed at the cost of the city.