CITY OF MEMPHIS

*v.*

YELLOW CAB, INC., et al.

(*Nashville,* December Term, 1956.)

Opinion filed December 7, 1956.

Frank B. GIANOTTI, JR., CHARLES M. CRUMP AND FRIER-SON M. GRAVES, JR., Memphis, for appellant.

JAMES R. WINCHESTER, Memphis, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

The City of Memphis by its Ordinance No. 388 (1949 City Code 714-717) purported to tax the operation of each taxicab over its streets the sum of $60 per year "for the use of the streets," this tax to be applied "exclusively by the City to the construction and maintenance of" these streets. Chapter 157 of the Private Acts of 1943 purported to vest that authority in its governing legislative body.

This is the appeal of Memphis from the decree of the Chancellor adjudging this Private Act, and the ordinance enacted pursuant thereto, a violation of Article XI, Section 8 of the Tennessee Constitution, in that its effect is to suspend for the benefit of Memphis the general law applicable to every other municipality within the State, that general law being carried at section 6-727, T.C.A., and reading as follows:

"The licensing as a privilege of the driving of any motor driven vehicle upon the roads, streets or other highways of the state of Tennessee is declared an exclusive state privilege and no tax for such privilege under any guise or shape shall hereafter be assessed, levied or collected by any municipality of the state."

As able and thorough a discussion of the issues as may be had is to be found in the late Chancellor Little's opinion adjudging as aforesaid. This Court is tempted to make that opinion its own, and without other comment, except for the fact that the identical question has been twice decided by this Court contrary to the insistencies of the city in *Southeastern Greyhound Lines v. City of Knoxville* 181 Tenn. 622, 184 S.W.2d 4, and *Wright v. Town of Camden,* 195 Tenn. 295, 259 S.W.2d 529.

So, the present opinion properly may be confined to a consideration of the new approach which the city makes in a renewal of the insistence which those decisions rejected.

This Court does not disagree with the authorities cited and quoted by the city as to the powers of a municipality. But these authorities, for the very reasons stated in some of the quotations, are not pertinent to a determination of the issues here. For instance,—the city's brief quotes from McQuillin Municipal Corporation as to the power of a municipality to require compensation for the use of its streets by public service conveyances, power over its streets being given it generally by the legislature. But in the very face of the quotation is the expression applicable to this case, that expression being "unless forbidden by statute".

It is said that the $60 charge is really not a privilege tax, but is by virtue of a franchise, or a rental; hence,

not within the prohibition of the general law, T.C.A. sec. 6-727. The Court could hardly give its approval to this proposition without, in effect, amending this code section by striking therefrom the legislative mandate that the assessment is not to be made by a municipality *"under any guise or shape."* (Emphasis supplied.)

This Code Section 6-727 first appeared in our law as Chapter 18 of the Acts of 1937, Third Extra Session. In this connection, the insistence made in behalf of the city is that this statute must be construed as having reference only to driver's license; otherwise, that it must be adjudged unconstitutional. It bases this contention on the statement that the Governor's proclamation calling this section into being stated that it was "to enact legislation relative to municipal driver's license so as to restrict or prohibit the requirements of such license."

This fact, so the city says, was not considered in *Southeastern Greyhound Lines v. City of Knoxville* or *Wright v. Town of Camden, supra;* hence, to overrule those decisions by adjudging this 1937 Act unconstitutional would not violate the principle of *stare decisis.*

The efficacy of the legislative mandate forbidding a municipality from assessing this tax is not dependent upon the constitutional validity of the 1937 Act. That Act is not in existence. The 1956 Code became effective January 1, 1956, before the filing of this bill. Section 1-203, T.C.A. Then Section 1-204 repeals "all public and general acts passed prior to the 1955 session," except certian exceptions only one of which (not pertinent at this point) need be noticed in this discussion.

It is true, as the city observes, that Section 1-308, T.C. A., provides that "for the purposes of construction" the provisions of this Code "shall be construed as continua-

tions of and substitutes for the previously existing law repealed by sec. 1-204''. But that provision does not change the fact that the efficacy of the statute involved here is due solely to the fact that it is a part of the 1956 Code. Moreover, the pre-existing law was that carried in the 1950 Code Supplement at section 3336.4. This section, other than the headline, is identical with section 6-727 of the 1956 Code (the general law). The 1950 Code Supplement by its section 2.1 repealed this 1937 Public Act, though this fact is unimportant in view of the 1956 Code. So, in no view of the matter is the constitutionality of the 1937 Act of any importance in the disposition of this appeal.

It is said, however, that this 1943 Private Act purporting to authorize Memphis to levy this tax or to make this assessment is not repealed by the 1956 Code because Section 1-205 of that Code excepts from repealing effect private acts unless those private acts are ''repealed by necessary implication''.

In the first place, as counsel will realize upon r flection, this statement begs the question, because this Private Act of 1943, whether or not formally repealed by the 1956 Code, is void of legal integrity because it purports, in violation of Article XI, Section 8 of the Tennessee Constitution, to suspend the general law reflected in the sections mentioned of the 1950 Code Supplement, and, next, of the 1956 Code.

Moreover, this provision as to being ''repealed by necsary implication'' brings into this picture section 6-728, T.C.A. This section does, of course, immediately follow the section prohibiting the municipality from making the assessment which this suit has challenged. This Section 6-728, T.C.A., provides as follows:

"All ordinances, rules or regulations heretofore passed, enacted or promulgated by any incorporated municipality of the state in conflict with the provisions of sec. 6-727, are declared inoperative and of no effect."

Since the Memphis ordinance purporting to levy this tax is directly in conflict with Section 6-727 prohibiting such municipal action, it follows that by the express terms of Section 6-728, just above quoted, the ordinance is inoperative, not merely by reason of the "necessary implication" provision of Section 1-205, but, as well, by reason of the express language of 6-728.

There is a statement in the city's brief to the effect that the Commissioners of the 1956 Code "misentitled— Section 6-727 'Licensing of vehicles prohibited,' and the true meaning of said sections is that the licensing of drivers is prohibited to any but the State". While the Court disagrees with this statement, its accuracy or inaccuracy is immaterial, in view of Section 1-309, T.C.A., providing this: "Headings to sections in this Code and the references at the end of such sections giving the source or history of the respective sections shall not be construed as part of the law."

The decree of the Chancellor will be affirmed with costs adjudged against the City.