CITY OF CHATTANOOGA

*v.*

MARY KLING VEATCH.

(*Knoxville,* September Term, 1956.)

Opinion filed June 7, 1957.

J. W. ANDERSON, City Attorney, EUGENE H. TATUM, E. K. MEACHAM, Assistant City Attorneys, Chattanooga, for plaintiff in error.

JAMES E. CARROLL, Chattanooga, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This was a prosecution commenced by warrant in Municipal Court of the City of Chattanooga, against Mary Kling Veatch for violation of Sections 148 through 155, Article XIX, Ordinance No. 4269, commonly known as The City Sticker Ordinance.

The trial judge was of the opinion that the sections of the ordinance in question contravened Article 11, Section 8, of the Constitution of Tennessee, and dismissed the prosecution.

The Ordinance in question requires an annual license of $5 on each passenger automobile and $2.50 on each motorcycle using the streets of the City of Chattanooga, more than thirty days per year. This tag or certificate is required to be displayed, bearing a serial number and firmly fixed to the vehicle.

The funds collected for the license fees are "used in paying the costs of administration of this article, the enforcement of its provisions, for the promotion of traffic safety and installation of signs, signals, markings and other safety devices and for regulating traffic on the

streets of the City." The stipulation shows that the proceeds of sales of the license for 1956 was $313,337.50.

The City insists that this fee is valid as to a regulatory measure and not primarily passed for the raising of revenue. We have heretofore ruled this same ordinance a valid enactment under the police powers and the Charter of the City of Chattanooga in the case of *DeLay v. City of Chattanooga,* 180 Tenn. 316, 174 S.W.2d 929.

██ ██ We think the ordinance clearly shows that it is a regulatory measure within the police powers and under the Charter of the City of Chattanooga and that it is a license and not a tax. The use of funds derived from the license sales is devoted entirely to administration of the ordinance, enforcement and traffic regulation within the City. It is no objection to a regulatory license that it produces more income than is required for its administration and enforcement.

We think the contentions made by the defendant below are answered in *DeLay v. City of Chattanooga,* supra, and among other things in that case the Court said:

"This suit was brought by Harvey E. DeLay, a resident of the State of Georgia; Joe N. Hunter, a resident of Hamilton County, but a nonresident of the City of Chattanooga; and E. E. Carter, a resident of the City of Chattanooga, in the Chancery Court of Hamilton County under the Declaratory Judgments Law, against the City and others.

"The question presented is the validity of an ordinance of the City imposing a license fee of five dollars per annum on passenger automobiles using the streets of the City. In the original and amended bill the appel-

lants alleged that the ordinance is null and void: (1) Because of the lack of legislative authority on the part of the City to enact same; (2) that the ordinance is in direct conflict with Section 3336.4 of the Code of Tennessee; (3) is violative of Article 2, Section 28, of the Constitution of Tennessee; (4) that as to non-residents of the State of Tennessee it impedes and places an additional burden on interstate commerce in contravention of the Commerce Clause of the Constitution of the United States, article 1, sec. 8, cl. 3; (5) that as to the residents of Georgia it is in conflict with a reciprocal agreement entered into by the Commissioner of Finance and Taxation with officials of the State of Georgia, said agreement having been made pursuant to Section 1152.7a of the Code of Tennessee; and (6) that the funds derived from the license fees are to be used by the schools of the City of Chattanooga and not for streets and highways of said City.

"The chancellor was of opinion that the ordinance was a valid enactment and dismissed the bill except as to the complainant DeLay, and this ground was sustained on the idea that it placed a burden on interstate commerce, resulting in this appeal.

"(1) We are of opinion that the ordinance is within the legislative power of the City to enact. *Rutherford v. City of Nashville,* 168 Tenn. 499, 79 S.W.2d 581; *McKelley v. City of Murfreesboro,* 162 Tenn. 304, 36 S.W.2d 99.

"(2) The question raised by the appellant Hunter has been decided adversely to him by this Court in the case of *Fox v. Mayor and Aldermen of Morristown,* Hamblen Law, October 11, 1930, (180 Tenn. 256) 174

S.W.2d 297, by Mr. Justice Chambliss, in which the constitutionality of an ordinance of the town of Morristown was upheld upon the ground that although the complaining party lived outside the corporation, he was habitually and regularly in town at his occupation using the streets of the town.

"(3, 4) This would be true, of course, of the complainants Joe N. Hunter and E. E. Carter. The reason underlying the decisions in the cases cited above is the fact that motorists enjoy the benefits of the streets and highways in the particular municipality. *McKelley v. City of Murfreesboro,* supra; *City of Memphis v. Battaile & Co.,* 55 Tenn. 524. Further, we are of opinion that the charter provisions of the City of Chattanooga were not repealed by implication or superseded by the provisions of Chapter 242 of the Public Acts of 1937, or by the reciprocal agreement made pursuant thereto by the Commissioner of Finance and Taxation with the officials of the State of Georgia. *McCanless v. Southeastern Greyhound Lines,* 178 Tenn. 614, 162 S.W.2d 370; *City of Chattanooga v. Jackson,* 172 Tenn. 264, 111 S.W.2d 1026. The City itself is charged with the duty of constructing and maintaining its streets, and the Commissioner of Finance and Taxation has no jurisdiction over the streets of the City and is without authority to contract with reference to the use thereof.

"In the case of *Marshall v. State,* (180 Tenn. 9) 171 S.W.2d 269, this Court held that Dr. Marshall, who lived in Mayfield, Kentucky, and who had an office in Jackson, Tennessee, where he practiced his profession two days a week, was not entitled to the thirty-day exemption provided for nonresidents by the provisions

of the State law; that where a nonresident established headquarters in this State he was required to register his automobile and pay the license fees provided by the State law. Also see *Johnson v. City of Paducah,* 285 Ky. 294, 147 S.W.2d 721.

"(5, 6) Neither do we think that the ordinance offends the interstate commerce clause of the Federal Constitution. The Supreme Court of the United States since the decision in *Hendrick v. Maryland,* 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385, has uniformly held that a city or state which at its own expense furnishes streets and highways for the use of those engaged in interstate commerce may require compensation for the use of such streets and highways, and if the charges are reasonable and uniform they constitute no burden on interstate commerce. Here nonresidents are not discriminated against. They are exempt for thirty days, unless they have a place of business, headquarters, an office, or are gainfully employed within the city.

"It results that the judgment of the lower court as to Hunter and Carter will be affirmed, but as to DeLay it will be reversed."

See *Large v. City of Elizabethton,* 185 Tenn. 156, 203 S.W.2d 907; *Hermitage Laundry Co. v. City of Nashville,* 186 Tenn. 190, 209 S.W.2d 5; *Fox v. Mayor and Aldermen of Morristown,* 180 Tenn. 256, 174 S.W. 2d 297.

The lower court and the defendant below relies upon two decisions, *Wright v. Town of Camden,* 195 Tenn. 295, 259 S.W.2d 529, and *Southeastern Greyhound Lines v. City of Knoxville,* 181 Tenn. 622, 184 S.W.2d 4. How-

ever, each of these cases turned upon the language of the ordinance itself and in each case this Court found that the ordinance sought revenue rather than regulation of motor vehicles. Each of these cases cited and distinguished the case of *DeLay v. City of Chattanooga,* supra, and held the case to be concerned with a police regulatory measure.

We are therefore of the opinion that the ordinance in question is a valid exercise of the police power and is a regulatory measure, and not passed for the primary purpose of raising revenue.

It therefore results that the judgment of the lower court will be reversed and the case remanded to be proceeded with in accordance with this opinion.