HOWARD GLENN DRINNEN, Plaintiff in Error,

*v.*

CITY OF KNOXVILLE, Defendant in Error.

369 S. W. 2d 562.

(*Knoxville,* September Term, 1962.)

Opinion filed July 15, 1963.

ELY & ELY, Knoxville, for plaintiff in error.

W. E. FITZGERALD, Knoxville, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

This case originated in the Municipal Court of the City of Knoxville, in that the plaintiff in error was found guilty of violating a City Ordinance which required him to have a city license tag placed upon his motor vehicle. From this conviction he appealed to the Circuit Court for Knox County where the case was tried by the judge without the intervention of a jury. The facts were stipulated and they are:

"The defendant is a resident of the City of Knoxville and on the date charged in the warrant was operating a motor vehicle on the streets of the City of Knoxville without a city tag.

"The ordinance in question is Chapter 29, Sections 2 and 159 of the Code of the City of Knoxville as amended by Section 26-7 of City of Knoxville Code effective March 17, 1959.

"The cost to inspect a Class D car is the same as a Class C car; that the same amount of time is involved; and further, there is no additional expense in the printing or making of a city tag for a Class D car than for a Class C car."

This was all the evidence introduced on the trial of this case.

Section 26-7, of the Knoxville City Code, sets out the use to be made of proceeds collected from the sale of tags for automobiles and said Section reads as follows:

"The revenue from the registration fees collected under this article shall be used in paying the cost of administration of this article, the enforcement of its provisions, for the promotion of traffic safety and installation of signs, signals, markings and other safety devices and for regulating traffic on the streets of the city."

In the case of *City of Chattanooga v. Veatch,* 202 Tenn. 338, 304 S.W.2d 326, we upheld the validity of an ordinance which provided, in part, that the funds collected for the license fees were to be "used in paying the cost of administration of this article, the enforcement of its provisions, for the promotion of traffic safety and installation of signs, signals, markings and other safety devices and for regulating traffic on the streets of the city."

The Court in that case also referred to the case of *DeLay v. City of Chattanooga,* 180 Tenn. 316, 174 S.W.2d 929, in which the validity of the ordinance under consideration in the Veatch case was ruled valid as a proper enactment under the police powers and the Charter of the City of Chattanooga.

The trial judge in the case at bar in his memorandum opinion said, among other things:

"The defendant's contention is that the ordinance is unconstitutional because it is intended to produce revenue. His argument is that it costs no more to inspect

one vehicle than it does another, but that the ordinance following the state system of charging for vehicles' licenses, exacts higher license fees from some classes of vehicles than from others, which is the impelling reason why the ordinance is for revenue and not for regulation."

The trial judge then quoted from the cases of DeLay and Veatch, supra, and referred to the statement in the Veatch case that, "[i]t is no objection to a regulatory license that it produces more income than is required for its administration and enforcement." (202 Tenn. p. 340, 304 S.W.2d p. 327.)

The trial judge then sets out in his memorandum opinion that the ordinance in question "* * * is not an enactment for production of revenue but has for its purpose the administration, enforcement and regulation of traffic on the streets of the city. There can be little objection and certainly no legal objection for the city to charge a larger inspection fee for one class of vehicles than others. It is not for the court to say that the city may not charge more for inspection of one class of vehicles than for another, as long as the charge for vehicles of the same class is uniform. That is a regulatory matter to be determined by the legislative branch of the municipal government."

In the case of *Wright v. Town of Camden,* 195 Tenn. 295, 259 S.W.2d 529, the Court struck down the ordinance there under consideration because it was obviously one for revenue and, therefore, in contravention of the general law. The ordinance there stated, in part:

"* * * that, in order that the owners and operators of motor vehicles may *contribute to the cost of con-*

*structing and maintaining the streets,* alleys and highways of the Town of Camden and thereby release other revenues of the Town of Camden so that the Town may have additional funds for the operation and maintenance of its other municipal functions, there is hereby levied an annual privilege license in the sum of Five ($5.00) Dollars on each passenger automobile and each automobile truck using the public streets * * *.''

Of course, this is most clearly a revenue producing ordinance and it was so held by this Court.

In the case of *Southeastern Greyhound Lines et al. v. City of Knoxville,* 181 Tenn. 622, 184 S.W.2d 4, the Court struck down an ordinance which provided ''that all revenues resulting from the sale of the above described registration or license tags shall be placed in a special fund and *shall be used solely for the construction and maintenance of public streets or thoroughfares within the City of Knoxville, Tennessee.''*

The Court very properly held that, ''We think the ordinance is invalid as being in contravention of Article 11, Section 8, of the State Constitution, since it is in contravention of the general law of the State relating to the assessment and collection of revenue from a specified class, to-wit, owners and operators of motor vehicles.''

From our examination of the ordinance in question, and the prior decisions of this Court, and in respect to the doctrine of *stare decisis,* we are of the opinion that the ordinance in question is valid and that it is a regulatory measure within the police powers and under the Charter of the City of Knoxville, and that the trial court was correct in so holding.

Therefore, his action is in all things affirmed.