**OVERTON SQUARE, INC. et al.,**
**Plaintiffs-Appellants,**

v.

**Glenn FOSTER, Treasurer of the City of Memphis, Tennessee et al.,**
**Defendants-Appellees.**

**and**

**Fred ALFONSO et al.,**
**Plaintiffs-Appellants,**

v.

**Glenn FOSTER, Treasurer of the City of Memphis, Tennessee et al.,**
**Defendants-Appellants.**

Court of Appeals of Tennessee,
Western Section.

Jan. 12, 1981.

Rehearing Denied Feb. 10, 1981.

Application for Permission to Appeal Denied by Supreme Court May 4, 1981.

Michael C. Williams, Allen C. Dunstan, Scott F. May, Memphis, Richard H. Allen, Jr., Bartlett, for plaintiffs-appellants.

E. Brady Bartusch, Memphis, for defendants-appellees.

NEARN, Judge.

The appeal is from a decree entered in two cases which were consolidated for trial in the Chancery Court of Shelby County.

All plaintiffs are engaged in the liquor business and fall in one of two classes. The first class of plaintiffs consists of those who are engaged in the retail sale of liquor by the drink for on premises consumption.

The second class of plaintiffs are those who are in the wholesale end of the business and sell to the first class of plaintiffs. The defendants in both cases are the same, being the authorities receiving the inspection fee on liquor. This fee is the subject of the suit below and of this appeal.

The inspection fee is charged to plaintiff retailers of alcoholic beverage for on premises consumption, based on five percent of the price the plaintiffs pay the wholesalers for the liquor. The fee is collected by the wholesalers at time of sale and later remitted to the City of Memphis.

The sole question on appeal is whether TCA § 57-3-501 (formerly cited as TCA § 57-165) authorizes municipalities in the State of Tennessee to levy an inspection fee upon establishments serving liquor by the drink. At the trial level, the Chancellor without giving his reasons, answered the question in the affirmative. We respectfully disagree with the Chancellor.

Since the Tennessee Legislature enacted Chapter 87 of the Public Acts of 1969, the same has been recodified. However, this matter arose prior to recodification and prior to some amendments to statutes involved. Therefore, we believe the matter will be better understood if, hereafter in the course of this opinion we refer to appropriate statutes under their old Code nomenclature rather than the recodified one and furnish a cross reference table marked Appendix A to this opinion.

Tennessee Code Annotated § 57-165 is as follows:

"Municipal inspection fee—Maximum amount.—A municipality as defined by § 57-106 shall have the authority to impose by ordinance an inspection fee upon *licensed retailers of alcoholic beverages as defined by § 57-106* located within said municipality. Said inspection fees shall not exceed eight per cent (8%) of the wholesale price of alcoholic beverages supplied by a wholesaler in municipalities located in counties of this state having a population of less than sixty thousand (60,000) according to the 1960 federal census, or any subsequent federal census;

said inspection fees shall not exceed five per cent (5%) of the wholesale price of alcoholic beverages supplied by a wholesaler in municipalities located in counties of this state having a population of more than sixty thousand (60,000) according to the 1960 federal census, or any subsequent federal census. [Acts 1960 (Adj. S.) ch. 538, §§ 1, 2; 1969, ch. 87, § 1.] (Emphasis added.)

Tennessee Code Annotated § 57-106 in pertinent part is as follows:

"(1) 'Alcoholic beverage' or 'beverage' means and includes alcohol, spirits, liquor, wine, and every liquid containing alcohol, spirits, wine and capable of being consumed by a human being, other than patented medicine, beer or wine, where the latter two (2) contain an alcoholic content of five per cent (5%) by weight, or less."

"(6) 'Retailer' means any person who sells at retail any beverage for the sale of which a license is required under the provisions of §§ 57-106—57-151."

Subsequent to the enactment of TCA § 57-165 the City of Memphis passed the following applicable ordinance:

"Sec. 57-102. *Inspection fee levied; amount; collection by wholesaler.*—For the purpose of providing a means of regulating the liquor business in the City of Memphis and pursuant to the authority granted to the City of Memphis by Chapter 87 of the Public Acts of the General Assembly of Tennessee for 1969, there is hereby levied and imposed against retailers an inspection fee at the rate of five per cent (5%) on all purchases of alcoholic beverages made by such retailers from wholesalers. The fee shall be measured by the wholesale price of the alcoholic beverage sold by the wholesaler and paid by the retailer to the wholesaler, and shall be five per cent (5%) of such wholesale price.

"The fee levied by this article shall be added by the wholesaler to each invoice for alcoholic beverages sold to each retailer within the city and shall be collected by the wholesaler at the time of the sale or at the time the retailer makes payment

for the delivery of the alcoholic beverages."

It is the position of appellants that TCA § 57–165 is inapplicable to liquor by the drink establishments and accordingly affords no authority to the City of Memphis to charge the authorized fee to such establishments. This contention is based on the fact that a retailer of alcoholic beverages by the drink for on premises consumption is not required under any provision contained in "§§ 57–106—57–151" to obtain a license. On the contrary, such license is required of the plaintiffs by §§ 57–152—57–157 of the Tennessee Code. Therefore, it is insisted that since plaintiff retailers of alcoholic beverages by the drink are not included in the definition of "retailers" set forth in TCA § 57–106, and, a municipality may not enlarge upon the authority given it by the State, the inspection fees paid under protest by the plaintiffs and collected by the municipality have been unlawfully collected.

The primary position of the municipality is that the plaintiffs have misapplied the statute. Appellee insists that the words "as defined by § 57–106", set forth in § 57–165 do not modify the word "retailers" but modify the words "alcoholic beverages". Therefore, TCA § 57–165 authorizes the municipality "to impose by ordinance an inspection fee upon—alcoholic beverages as defined by § 57–106." This being true, it would follow that the municipality may impose the fee on the beverage regardless of whether the defendants are retailers for on or off premises consumption.

We do not concur in the reasoning of counsel for appellee. We are of the opinion that the qualifying clause "as defined by 57–106" applies to all terms of that clause, that is "licensed retailers" and "alcoholic beverages". The word licensed means in possession of a license and is synonymous with the word "licensee". The word "licensee", as defined by § 57–106, means "any person to whom such license has been issued pursuant to §§ 57–106—57–151". Liquor by the drink establishments are granted a license under TCA § 57–154. Therefore, plaintiffs are not licensed within the provi-

sions of § 57–106—57–151 and, accordingly, are not licensees as "defined by TCA § 57–106". The word "retailer" as defined by § 57–106 applies only to those for whom "a license is required *under the provisions of TCA §§ 57–106—57–151*". As previously pointed out, no license is required of plaintiffs under these sections, but under §§ 57–152—57–157. Therefore, plaintiffs do not qualify as "retailers" under the definition of TCA § 57–106.

Generally speaking, except in the case of privilege taxes, *articles* are taxed and *people* are charged fees for a task performed. Even the ordinance of the City of Memphis recognizes this truism. Of course, plaintiffs do not quaLify as "alcoholic beverages". They are retailers or licensees, while alcoholic beverages are the articles for sale. We are here dealing with an inspection *fee* not a tax. See *Memphis Retail Liquor Dealers' Ass'n, Inc. v. City of Memphis* (1977 Tenn.) 547 S.W.2d 244. Thus, this fee is "imposed against retailers", who are people, not against alcoholic beverages, which are articles. The fee is only measured by the wholesale price. In comparison, we do not have a state *sales fee*, we have a state *sales tax* which is a tax levied on the article, by volume of sale, not on the seller, although the seller may be liable for the collection and payment thereof. We also have numerous state license fees which are not taxes but are fees for the privilege granted an individual. See *City of Chattanooga v. Veatch* (1957 Tenn.) 202 Tenn. 338, 304 S.W.2d 326; *Rutherford v. City of Nashville* (1935 Tenn.) 168 Tenn. 499, 79 S.W.2d 581.

Further, if TCA § 57–168 (a statute dealing with the fee in question) is examined, it clearly shows that the fee is not imposed on the article, but it is imposed on the individual. It expressly forbids a municipality to impose the fee on a "wholesaler". By certain implication it permits the fee to be imposed on retailers; however, TCA § 57–165 limits that class of retailers to those defined in TCA § 57–106, which we have shown does not include the plaintiff retail-

ers because their license is not required "under the provision of §§ 57–106—57–151."

The City of Memphis may not ignore the words "licensed" and "retailer" found in § 57–165 and opt only for the words "alcoholic beverages" in charging an inspection fee. If such be a proper interpretation, the City has come close, if not crossed the line in charging a liquor tax on liquor under the guise of "fee" for a task performed.

The plaintiff retailers do sell alcoholic beverages, but they are not licensed retailers thereof, as required by TCA § 57–165 in order to be liable for a municipality imposed inspection fee.

For the reasons given, the decree below is reversed and the cause remanded to the Chancery Court of Shelby County to ascertain the amount due plaintiffs from the taxing authority, and entry of judgment in that Court for amount found to be due.

The costs of this appeal are adjudged against appellee.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.

## APPENDIX A

Parallel Reference Table of Tennessee Code Annotated:

| Former Section | Present Section |
|---|---|
| 57–106 | 57–3–101 |
| 57–151 | 57–3–110 |
| 57–152 | 57–4–101, 57–4–202(b) |
| 57–154 | 57–4–201 |
| 57–165 | 57–3–501 |
| 57–168 | 57–3–504 |

## ORDER

A Petition to Rehear has been filed which raises nothing that would cause us to alter our former opinion. Accordingly, it is denied.